**Deborah S. SONDOCK, as the Property Owners and the Property Owners, Appellants**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 14–06–00676–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 31, 2007.

Hugh L. McKenney, Houston, for appellants.

James D. Robinson, Tammy Yolanda White–Chaffer, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices HUDSON and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

 In this ad valorem property tax case, appellants, Deborah S. Sondock and the individual owners of the property at issue (collectively, "the Sondocks"), challenge the trial court's granting of summary judgment in favor of appellee, Harris County Appraisal District ("HCAD"),[1] on the Sondocks' claims that the subject property was unequally and excessively appraised. In their sole issue, the Sondocks argue that the trial court erred in granting HCAD's motion for summary judgment. We affirm.

## I. BACKGROUND

The Sondocks are the owners of real property located in Harris County. For tax year 2005, HCAD appraised the property at a value of $919,556 and assessed ad valorem taxes on the property based on that value. The Sondocks filed a protest of that valuation and their designated agent, Alex Lindsay, acted as their representative at the protest hearing,[2] which was held before a three-member panel (the Board). The entire recorded portion of the hearing consists of the following testimony:

Mr. Twiddy [HCAD's representative]: Okay. We are now recording. My name is Elvin Twiddy, and I am under oath.

Board Member 1: Thank you.

Ms. Lindsay: My name as (sic) Alex Lindsay, and I am under oath.

Board Member 1: Thank you both and the opinion of value of this property is?

Ms. Lindsay: 880500

Board Member 1: 880500?

Ms. Lindsay: Yes.

Board Member 1: Thank you very much. Mr. Chair.

Board Member 2: Okay. Thank you. Okay. [Inaudible] since you're an agent, we'll go directly to the District for the description. Mr. Twiddy.

Mr. Twiddy: We have ownership under Sondock, Deborah S. at 9226 Wickford Drive, Houston, Texas 77024, Lot 12, the Bayou Woods Section 3 Subdivision, 1950 build, single-family resi-

1. The Appraisal Review Board of Harris County Appraisal District ("the Board") was also named as a defendant in appellant's petition. It is undisputed that appellant never obtained service over the Board. Even though only HCAD moved for summary judgment, the judgment in this case is nonetheless final for purposes of appeal. A judgment is final "if it disposes of all pending parties and claims in the record." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). To determine whether a judgment disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. *Id.* There must be some "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. Therefore, a judgment is final for purposes of appeal when (1) the judgment expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and

(3) nothing in the record indicates that the plaintiff ever expected to obtain service on the unserved defendants. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex.1962) (describing when failure to obtain service on defendant may be treated as a nonsuit for purposes of determining finality of judgment); *see also M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 674–75 (Tex.2004) (holding that decision in *Penn* survives *Lehmann* ); *In re Sheppard*, 193 S.W.3d 181, 187 (Tex.App.-Houston [1 Dist.] 2006, orig. proceeding).

2. Section 1.111(a)-(b) describes the procedure by which a property owner may designate an agent to act as their representative. TEX. TAX CODE § 1.111(a)-(b). The record reflects that the Sondocks signed a written document designating Lindsay as their agent. The parties do not dispute the validity of this designation.

dence, 5288 square feet of living area, extensive remodeling, very good CDU, slab foundation, A minus grade, central heating and A/C, good physical condition, brick veneer exterior walls, 11 rooms total, 1 recreation room, one1/2 bath, 4 full bathrooms, 5 bedrooms, $919, 556 for Tax Year 2005.

Board Member 2: Okay. Other than the values, that's a great description.

Ms. Lindsay: Yes, sir.

Board Member 2: Okay. You may proceed.

Ms. Lindsay: I have based it on the IST Ratio Comparable Sales Analysis.

Mr. Twiddy: And does your ratio look like this one?

Ms. Lindsay: It does.

Mr. Twiddy: It does.

Mr. Twiddy: The District concurs. The District would recommend $880,000 even, based on the ratio.

Board Member 2: Okay. 880 even.

I guess there's no rebuttal?

Ms. Lindsay: No, sir.

Board Member 2: Okay. Account ending in 0012 for Tax Year '05, the value is and shall be $880,000.

This ends the hearing.

Following the hearing, the Board issued an Order Determining Protest setting the appraised value at $880,000 and sent a copy of the order to the Sondocks. The order stated that the Sondocks had the right to appeal the Board's decision in district court. The Sondocks subsequently filed suit in district court. HCAD moved for summary judgment, which the trial court granted.

## II. ANALYSIS

In their sole issue, the Sondocks argue that the trial court erred in granting HCAD's motion for summary judgment.

In a traditional motion for summary judgment, the movant bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). A defendant is entitled to summary judgment only upon (1) conclusive negation of at least one element of each of the plaintiff's causes of action, or (2) conclusive establishment of each element of an affirmative defense to each claim. *KPMG*, 988 S.W.2d at 748; *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). In deciding whether there is a disputed material fact issue precluding summary judgment, summary judgment evidence favorable to the nonmovant will be taken as true, every reasonable inference must be indulged in favor of the nonmovant, and any doubts are resolved in the nonmovant's favor. *KPMG*, 988 S.W.2d at 748; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985). We review *de novo* the trial court's decision to grant summary judgment. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

HCAD moved for summary judgment on the basis that the Sondocks are barred from appealing the appraisal issue to the trial court because of an agreement they reached (through their agent) with HCAD regarding the value of the property. The Tax Code provides that:

(e) An agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter:

(1) which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board; or

(2) which may be corrected under Section 25.25 or on which a motion for

correction under that section has been filed but not determined by the board. TEX. TAX CODE § 1.111(e). The Sondocks argue that (1) no agreement was reached that was related to a matter specified under Section 1.111(e), and (2) the interpretation of Section 1.111(e) as precluding a judicial appeal in this case unconstitutionally denies them their due process rights.

■ We find that an agreement related to a matter specified under Section 1.111(e) was reached between HCAD and the Sondocks. At the protest hearing, the Sondocks offered their opinion on the value of the property at $880,500. After reviewing the basis for the Sondocks' valuation, HCAD's representative stated that: "The District concurs. The District would recommend $880,000 even, based on [the Sondocks'] ratio." One of the panel members then asked the Sondocks if they had any "rebuttal," to which they replied they did not.

The Tax Code does not define the term "agreement"; therefore, we use the ordinary meaning of the term. *See* TEX. GOV'T CODE § 312.002; *Martin v. Harris County Appraisal Dist.,* 44 S.W.3d 190, 194 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). The American Heritage Dictionary defines the term agreement as "the act of agreeing; harmony of opinion; accord." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed.2006). There can be no doubt that at the time HCAD "concurred" with the Sondocks' valuation, there was harmony of opinion between the Sondocks and HCAD as to the value of the property for approximately $880,000 (with the Sondocks receiving the benefit of HCAD rounding the estimate down to an even number). The Sondocks contend that the lack of an agreement is evidenced by the fact that the parties did not act upon the agreement or "announce" the agreement to the court. We do not read Section 1.111(e) to require such actions. *See* TEX. TAX CODE 1.111(e). Therefore, we find that the Sondocks and HCAD reached an agreement as to the value of the property. Additionally, at the time this agreement was reached between the parties, the agreement related to a matter in which a protest had been filed but not determined by the Board (in fact, the Board was in the process of hearing the matter when the agreement was reached). *See id.* § 1.111(e)(1); *see also id.* § 41.41(a)(1) ("A property owner is entitled to protest before the appraisal review board the ... determination of the appraised value of the owner's property...."). Because the agreement related to such a matter, at the moment it was reached, it became final. That finality rendered any subsequent determinations by the Board regarding the value, such as the order it entered, irrelevant. *See id.* § 1.111(e).

Our finding of an agreement between the Sondocks and HCAD regarding the value of the property is also in accordance with the legislative intent of the current version of Section 1.111. In 1993, the Legislature amended section 1.111(e) by deleting the previous requirement that the Board must approve of the agreement before it became final. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 796, § 2, 1989 Tex. Gen. Laws 3591 *amended by* Act of May 26, 1993, 73rd Leg., R.S., ch. 1031, 1993 Tex. Gen. Laws 4443 (codified at Tex. Tax Code § 1.111). It is apparent that the Legislature, in making such a change, intended to make it easier for parties to reach agreements in the event of a dispute involving taxable property. Our finding of an agreement here, where there was clearly a meeting of the minds as to the proper value of the property, only furthers that purpose.

■ The Sondocks also argue that a finding of a final agreement precluding

their judicial appeal is unconstitutional in that it denies them their due process rights. It is well-established that the collection of taxes constitutes deprivation of property; therefore, a taxing authority must afford a property owner due process of law. *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regulation of Florida*, 496 U.S. 18, 36–37, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990); *ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.*, 137 S.W.3d 146, 155 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *see* U.S. Const. amend. XIV; Tex. Const. art. I, § 19. However, "[d]ue process simply affords a right to be heard before final assessment; it does not detail the review mechanism." *ABT*, 137 S.W.3d at 155 (quoting *Dallas County Appraisal Dist. v. Lal*, 701 S.W.2d 44, 47 (Tex.App.-Dallas 1985, writ ref'd n.r.e.)). Texas courts have held that, in cases involving taxation, due process is satisfied if a taxpayer is given an opportunity to be heard before an assessment board at some stage of the proceedings. *ABT,* 137 S.W.3d at 155; *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.,* 115 S.W.3d 261, 266 (Tex. App.-Fort Worth 2003, pet. denied); *Lal,* 701 S.W.2d at 47.

In this case, the Sondocks filed a protest and were given an opportunity to present their contentions before the Board. During that protest hearing, HCAD stated that it agreed with the Sondocks' opinion regarding the value of the property and the Sondocks offered no further complaints following HCAD's stated accord. We cannot imagine how the Sondocks were deprived of due process when they were given the opportunity to present their arguments to a legal panel and they reached an agreement fully satisfying their stated contentions. As a result, we find that the Sondocks' agreement with HCAD did not violate their due process rights by precluding them from appealing the appraisal is-

sue. We hold that the trial court did not err in granting summary judgment in favor of HCAD.

We note the close similarity between our facts and those that came before our sister court in *BPAC Texas, LP as the Property Owners and the Property Owners v. Harris County Appraisal District and the Harris County Appraisal Review Board,* No. 01–03–01238–CV, 2004 WL 2422033 (Tex.App.-Houston [1st Dist.] October 28, 2004, no pet.) (mem.op.). In *BPAC,* the appellants (BPAC), owners of the property at issue in that case, filed a protest from the valuation of their property after the property was appraised by HCAD (same entity involved in this case) for purposes of assessing property taxes. *Id.* at *1. At the protest hearing, which was also before the Harris County Appraisal Review Board, HCAD's representative stated that HCAD had lowered its appraised value of the property. BPAC's representative was then asked if the revised value was "agreeable" to BPAC, to which he replied it was. The hearing then ended, and the Board issued an order that appears to contain the exact same boilerplate language as the order issued in this case regarding the property owner's right to appeal the Board's decision to a district court. BPAC subsequently filed suit against HCAD and the Board in district court regarding the matter, but the trial court granted the taxing authorities' motion for summary judgment. *Id.* After analyzing BPAC's complaints regarding the district court's granting of summary judgment, the First Court of Appeals held, pursuant to Section 1.111(e), that the parties reached an agreement during the protest hearing, and because the protest had not yet been determined by the Board, the agreement was final, thereby precluding BPAC's right to appeal. *Id.* at *2–3. The Court held that any subsequent actions by the Board had

no effect on the finality of that agreement. *Id.* at *3. The Court also found that BPAC's due process rights were not violated by this preclusion, as BPAC "was given an opportunity to present and argue the grounds of its protest" and that "instead of pursuing its protest, BPAC chose to reach an agreement." *Id.* at *3. As a result, the court found that the trial court did not err in granting summary judgment in favor of the taxing authorities. *Id.* at *4. We find the court's analysis in deciding that case thoroughly instructive to the remarkably similar facts at hand. We overrule the Sondocks' sole issue.

We affirm the trial court's judgment.