Affirmed and Memorandum Opinion filed July 21, 2009








Affirmed and Memorandum Opinion filed July 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00956-CV

____________

 

TIMOTHY C. & LEEANN LOPOSER, AS
THE PROPERTY OWNERS AND THE PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT
AND THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT,[1] Appellees

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 2006-67833

 



 

M E M O R A N D U M   O P I N I O N








In this ad valorem property tax case, appellants Timothy C.
Loposer and Leeann Loposer (Athe Loposers@) challenge the
trial court=s grant of summary judgment in favor of appellee
Harris County Appraisal District (AHCAD@) on the Loposers= claims that their
real property was unequally and excessively appraised.  In two issues, the
Loposers contend the trial court erred (1) in failing to find that the Board=s order rejected
HCAD=s assertion that
an agreement was made between the parties, and (2) in granting HCAD=s summary judgment
motion.  We affirm.

HCAD appraised the Loposers= real property at
a value of $1,207,083 for tax year 2006.  The Loposers filed a timely notice of
protest of HCAD=s valuation.  See Tex. Tax Code Ann. ' 41.41 (Vernon
2008).  Their designated agent, Sam Sherkawy, represented them at the hearing
on their protest before a three‑member panel of the Board.  At the
hearing, Sherkawy executed a sworn disclosure statement giving his opinion of
the value of the Loposers= property at $1,207,083Cthe same value as
HCAD=s appraisal.  When
Brenda Budd (HCAD=s representative) testified to the
property=s 2006 market
value, the following exchange took place:

BUDD: . . . [The property has a] 2006 notice market value of
$1,207,083.               

SHERKAWY: Could ________ [phrase inaudible]?

BUDD: In your presentation?

SHERKAWY: Oh, I do concur with this.

CHAIRMAN: ________[phrase inaudible] record.  And, uh, District?

BUDD: Based on the subject selling June of >05 for $1,321,000 [sounds like]
this recommendation is to sustain the value of $1,207,083.

The
Board=s chairman
concluded the evidentiary portion of the hearing and stated that Athe agent has
requested the ______ [word inaudible] be sustained.  The District agrees with
that and the value will remain unchangedC$1,207,083.@  The Board issued
an order determining protest the same day, setting the property=s market value at
$1,207,083 and notifying the Loposers that they had the right to appeal to the
trial court.








The Loposers filed suit in the trial court, claiming their
property was unequally and excessively appraised.  HCAD filed a summary
judgment motion, asserting that section 1.111(e) of the Tax Code bars the
Loposers= suit because there
was an agreement between the parties as to the property=s value.  See Tex. Tax Code Ann. ' 1.111(e) (Vernon
2008).  The trial court granted HCAD=s summary judgment
motion.  This appeal followed.

In a traditional motion for summary judgment, the movant
bears the burden of establishing that there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  A defendant is entitled to summary judgment only upon (1) conclusive
negation of at least one element of each of the plaintiff=s causes of
action, or (2) conclusive establishment of each element of an affirmative
defense to each claim.  KPMG Peat Marwick, 988 S.W.2d at 748; Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  In deciding
whether there is a disputed material fact issue precluding summary judgment,
summary judgment evidence favorable to the nonmovant will be taken as true,
every reasonable inference must be indulged in favor of the nonmovant, and any
doubts are resolved in the nonmovant=s favor.  KPMG
Peat Marwick, 988 S.W.2d at 748; Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 549 (Tex. 1985).  We review de novo the trial court=s decision to
grant summary judgment.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).

The Loposers argue the trial court erred in granting HCAD=s summary judgment
motion because a fact issue exists as to whether the parties reached an
agreement under section 1.111(e) of the Tax Code.  Specifically, the Loposers:

(1) disagree with the definition of Aagreement@ espoused by this court in Sondock v. Harris County Appraisal Dist.,
231 S.W.3d 65, 69 (Tex. App.CHouston [14th Dist.] 2007, no pet.) and claim that the lack of
agreement here is evidenced by the parties=s failure to announce or act under the alleged agreement,








(2) contend that the trial court erred by failing to find that the
Board=s order determining protest
rejected any agreement between the Loposers and HCAD, and

(3) argue that the trial court=s order granting summary judgment in HCAD=s favor, and the interpretation of
section 1.111(e) as precluding appeal under these circumstances, denied them
due process.








As the Loposers admit, both this court and the First Court
of Appeals have previously addressed and overruled Asimilar, if not
the same@ issues.  See
Sondock, 231 S.W.3d at 69B70; Hartman v. Harris County Appr.
Dist., 251 S.W.3d 595, 600B01 (Tex. App.CHouston [1st
Dist.] 2007, pet. denied); BPAC Tex., LP v. Harris County Appr. Dist., and
the Harris County Appr. Rev. Bd., No. 01‑03‑01238‑CV,
2004 WL 2422033, at *3 (Tex. App.CHouston [1st
Dist.] Oct. 24, 2004, no pet.) (mem. op., not designated for publication).  For
instance, we have previously stated that an agreement exists for purposes of
section 1.111(e) of the Tax Code where, as here, there is a Aharmony of opinion@ between the
property owners and HCAD regarding the value of the property at issue, and we
see no reason to deviate from that precedent here.  See Sondock, 231
S.W.3d at 69; see also Hartman, 251 S.W.3d at 600 (holding that an
agreement existed where the agent and the appraiser each announced the same
opinion as to the value of the property).  Likewise, we see no material
difference between the Loposers= argument that the evidence here showed a
lack of agreement and the argument in Sondock that the parties=s failure to act
upon or announce an agreement demonstrated a lack of agreementCan argument that
we rejected in Sondock, as we do here.  See 231 S.W.3d at 69
(stating that section 1.111(e) of the Tax Code does not require such actions). 
We also disagree with the Loposers= argument that the
trial court erred by failing to find that the Board=s order rejected
the agreement because we made clear in Sondock that where, as here, an
agreement relates to a matter in which a protest has been filed but not
determined by the Board, the agreement becomes final at the moment it is
reached, rendering the Board=s subsequent property valuation in an
order determining protest irrelevant.  See id. (citing Tex. Tax Code Ann. ' 1.111(e)); BPAC
Tex., LP, 2004 WL 2422033, at *3.  Finally, we disagree with the Loposers= argument that
their due process rights were violated, as we rejected an essentially identical
argument under materially indistinguishable circumstances in Sondock.  See
231 S.W.3d at 69B70; see also Hartman, 251 S.W.3d at
601; BPAC Tex., LP, 2004 WL 2422033, at *3.








Appellants assert Sondock and Hartman were
wrongly decided because they are in direct conflict with the Texas Supreme
Court=s decision in Matagorda
County Appraisal District v. Coastal Liquids Partners, L.P., 165 S.W.3d 329
(Tex. 2005).  We disagree.  In Matagorda County Appraisal District, the
issue was whether a prior protest by a property owner precluded a subsequent
protest by a lessee under section 41.413(b) of the Tax Code, which allows only
one protest on the same property.  Id. at 331; see Tex. Tax Code Ann. ' 41.413(b) (Vernon
2008)  In that case, the lessee of two hydrocarbon storage caverns was
contractually obligated to reimburse the caverns= owner for ad
valorem taxes on those caverns.  Matagorda County Appr. Dist., 165
S.W.3d at 331.  The owner (who owned twelve caverns in addition to the lessee=s) filed a protest
to the appraisal district=s valuation of the caverns, but limited
that protest and the subsequent settlement to that portion of the caverns for
which the owner had to pay taxes.  Id. at 331B32.  Despite that
fact, the appraisal district claimed that the owner=s protest included
the lessee=s caverns, precluding subsequent protest by the
lessee.  Id. at 331.  The Supreme Court recognized the board=s authority to (1)
decide whether there was more than one protest relating to the same property,
and (2) take note of what property was included in the owner=s settlement.  Id. 
The Court then stated that the board=s order assessing
the value of the lessee=s two caverns in the second protest
impliedly rejected the appraisal district=s claim that the
first protest, brought by the owner and limited to the other twelve caverns,
included the lessee=s caverns and precluded the lessee=s protest.  Id.
at 331B32.  Thus, Matagorda
County Appraisal District does not stand for the proposition that an
appraisal board=s order rejects a claimed agreement by the
appraisal district in the context presented here.  See id.  Accordingly,
the Loposers= reliance on Matagorda County Appraisal District is
misplaced.  We overrule both of the Loposers= issues.

Having overruled both of the Loposers= issues, we affirm
the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

Panel consists of
Justices Yates, Guzman, and Sullivan.









[1]  Although the Loposers named the Appraisal Review
Board of Harris County Appraisal District (Athe
Board@) as a defendant in their petition , they failed to
perfect service on the Board.  Even though only HCAD moved for summary
judgment, the judgment in this case is nevertheless final for purposes of
appeal.  See Sondock v. Harris County Appr. Dist., 231 S.W.3d 65, 67 n.1
(Tex. App.CHouston [14th Dist.] 2007, no pet.).