Affirmed and Opinion filed October 7, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00978-CV

___________________

 

KM TS SPRING CYPRESS L.L.C., AS THE PROPERTY
OWNERS AND PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 165th District Court

Harris County,
Texas



Trial Court Cause No. 2008-52586

 



 

 

MEMORANDUM OPINION

This appeal is from an order of
dismissal signed October 12, 2009, granting appellee’s plea to the
jurisdiction.  We affirm.

            Appellants
brought suit to appeal the 2008 property tax valuation of property located at
22625 State Highway 249.  Appellee filed a plea to the jurisdiction on the
grounds appellants have no right to appeal under section 42.01 of the Tax
Code.  See Tex. Tax. Code Ann. § 42.01 (Vernon 2001).  Section 42.01
provides a property owner is entitled to appeal an order of the appraisal
review board determining a protest by the property owner.  Tex. Tax. Code Ann.
§ 42.01 (1)(A) (Vernon 2001).  The record reflects appellant filed a protest
and a hearing was held.  During the hearing, a section-1.111(e) agreement was
reached.  See Tex. Tax. Code Ann. § 1.111(e) (Vernon Supp. 2009).  Such
agreements are “final and not subject to protest by the property owner or
subject to a property owner’s statutory suit for judicial review under chapter
42.”  MHCB (USA) Leasing and Finance Corp. v. Galveston Central Appraisal
Dist., 249 S.W.3d 68, 83 (Tex. App. – Houston [1st Dist.] 2007, pet. denied). 
See Tex. Tax Code Ann. §§ 41.01(b), 42.01(1)(A) (Vernon 2001); Sondock
v. Harris County Appraisal Dist., 231 S.W.3d 65, 69-70 (Tex. App. – Houston
[14th Dist.] 2007, no pet.); and BPAC Tex., L.P. v. Harris County Appraisal
Dist., No. 01-03-01238-CV, 2004 WL 2422033, at *3 (Tex. App. – Houston [1st
Dist.] 2004, no pet.) (mem. op.).

Appellants claim their appeal is not precluded by the
appraisal agreement because section 1.111(e) requires the agreement be between
the property owner or the owner’s agent and the chief appraiser.  Appellants
argue it was not the chief appraiser for the Harris County Appraisal District (“HCAD”)
who appeared at the hearing, but a representative, and therefore there was no
agreement with the chief appraiser.[1] 


Although the Tax Code requires the appearance of the
chief appraiser at a protest hearing, it also allows the chief appraiser to
delegate authority to his employees.  See Tex. Tax Code Ann. §§ 6.05(e),
41.45(c) (Vernon 2008 & Supp. 2009).  Appellants cite no authority, and we
are aware of none, prohibiting the chief appraiser from delegating his authority
to reach an agreement with a property owner.  We note that in many cases an
“HCAD representative” appeared at the protest hearing.  See Sondock, 231
S.W.3d at 69 (at the protest hearing “HCAD’s representative” offered an opinion
on the value of the property); Loopser v. Harris County Appraisal Dist., No. 14-07-00956-CV, 2009 WL 2146151,
at *1 (Tex. App. – Houston [14th Dist.] 2009, no pet.) (mem. op.) (“HCAD’s
representative” testified at the protest hearing to the property’s market
value); Prince v. Harris County Appraisal Dist., No. 14-07-00919-CV,
2009 WL 20975, at *1 (Tex. App. – Houston [14th Dist.] 2009, no pet.) (mem.
op.) (“an HCAD representative” appeared at the protest hearing); Mann v.
Harris County Appraisal Dist., No. 01-07-00436-CV, 2008 WL 1747807, at *1 (Tex.
App. – Houston [1st Dist.] 2008, no pet.) (mem. op.) (“[E.W.] represented
HCAD’s chief appraiser at the protest hearing”).  We therefore reject
appellants’ claim that an agreement between a property owner and an HCAD
representative appearing on behalf of the chief appraiser is not an agreement
subject to section 1.111(e).  

Appellants further complain the trial court erred by granting
the plea to the jurisdiction because the pleadings raised a disputed fact, e.g. whether there was an agreement with the chief
appraiser.  Appellants argue the trial court erred by not allowing them to
conduct discovery on this fact issue.  Appellee acknowledges that a
representative of HCAD, not the chief appraiser, appeared at the protest
hearing.  Thus there is no disputed fact.  The dispute, whether an agreement
between a property owner and a representative of the chief appraiser precludes
an appeal, is a question of law.  As
discussed above, we conclude that an agreement between the property owner and
an HCAD representative is an agreement that, pursuant to section 1.111(e),
precludes appeal.  Appellants’ arguments are without merit. 

Appellants assert that the appraisal review board
issued an order which authorized this appeal.  This same issue was presented in
Sondock.  In that case, this court noted the agreement was final at the
moment it was reached, therefore, the previously entered order was irrelevant. 
Sondock, 231 S.W.3d at 69.  For that same reason we reject appellant’s
argument.

Appellants also assert no agreement was presented to the
appraisal review board for approval or in order to cancel or withdraw the
protest.  Section 1.111(e) no longer provides that an appraisal agreement is
not final without the approval of the appraisal review board.  See Tex.
Tax Code §1.111(e); BPAC Texas, 2004 WL 2422033, at *3.  Appellants’
argument is without merit.

Finally, appellants claim to the extent section
1.111(e) precludes appeal it is unconstitutional and denies a property owner
due process.  Appellants’ claim is overruled for the reasons set forth in Sondock. 
Sondock, 231 S.W.3d at 70.

Appellants’ issues are overruled.  We find the trial
court did not err in granting appellee’s plea to the jurisdiction and affirm
the trial court’s order.

 

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Seymore,
Boyce, and Sullivan.

 









[1] The record reflects
appellants made no objection at the protest hearing that the chief appraiser
failed to appear.