Affirmed and Memorandum Opinion filed January 13, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00199-CV

___________________

 

CRESCENT OAKS LP,
Appellant

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT,
Appellee



 



 

On
Appeal from the 127th District Court

Harris County,
Texas



Trial Court Cause No. 2007-55042

 



 

 

MEMORANDUM OPINION

            Crescent Oaks LP appeals from the trial court’s order
granting Harris County Appraisal District’s (“HCAD”)[1] plea to the
jurisdiction.  We affirm.

I.  Factual and Procedural Background

            The
property at issue is located at 6718 DeMoss Drive in Houston.  For tax year
2007, HCAD initially valued the subject property at a total value of
$11,998,288.  Crescent Oaks appointed O’Connor & Associates, a tax
consultant firm, to represent it in its protest of the 2007 valuation before
the Harris County Appraisal Review Board.  At the hearing, the Board agreed
with the owner’s opinion of the total value at $8,977,760.  

            Despite
this agreement, on September 10, 2007, Crescent Oaks filed an original petition
in the trial court challenging the Review Board’s determination.  On December 16,
2009, HCAD filed a plea to the jurisdiction asserting that the trial court was
precluded from determining the appeal because the Tax Code prohibits judicial
review of a valuation agreement.  

            On
January 27, 2010, the trial court granted HCAD’s plea to the jurisdiction and
dismissed the suit.  In a two-part issue, Crescent Oaks argues that the trial
court erred in granting the plea to the jurisdiction because (1) the pleadings
and law conferred jurisdiction, and (2) jurisdiction cannot be determined on a
disputed factual issue.

II. Standard of Review

We review a trial court’s ruling on a plea to the
jurisdiction de novo.  See Tex. Dep’t of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  In our review, we construe the pleadings
liberally in favor of the pleader and look to the pleader’s intent to determine
whether the facts alleged affirmatively demonstrate the trial court’s
jurisdiction to hear the cause.  See id.  A defendant may prevail on a
plea to the jurisdiction by demonstrating that, even if all the plaintiff’s
pleaded allegations are true, an incurable jurisdictional defect remains on the
face of the pleadings that deprives the trial court of subject-matter
jurisdiction.  Harris County Appraisal Dist. v. O’Connor & Assocs.,
267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  

III.
Analysis

Agreements pursuant to
section Tax Code section 1.111(e) [2]
are final and not subject to a property owner’s statutory suit for judicial
review under chapter 42 of the Tax Code.  MHCB (USA) Leasing & Finance
Corp. v. Galveston Cent. Appraisal Dist., 249 S.W.3d 68, 83 (Tex. App.—Houston
[1st Dist.] 2007, pet. denied).  See Tex. Tax Code § 42.01(1)(A); Sondock
v. Harris County Appraisal Dist., 231 S.W.3d 65, 69-70 (Tex. App.—Houston
[14th Dist.] 2007, no pet.); BPAC Tex., L.P. v. Harris County Appraisal
Dist., No. 01-03-01238-CV, 2004 WL 2422033, at *3 (Tex. App.—Houston [1st
Dist.] 2004, no pet.) (mem. op.).  Crescent Oaks claims that its appeal is not
precluded by the appraisal agreement because section 1.111(e) of the Tax Code
requires the agreement to be between the property owner or the owner’s agent
and the chief appraiser.  Crescent Oaks argues that it was not the chief appraiser
for HCAD who appeared at the hearing, but a representative, and therefore there
was no agreement with the chief appraiser.[3]

This court recently
decided an appeal with almost identical facts and issues.  See KM TS Spring
Cypress LLC v. Harris County Appraisal Dist., No. 14-09-00978-CV, 2010 WL
3921126 (Tex. App.—Houston [14th Dist.] Oct. 7, 2010, no pet.).  Although
the Tax Code requires the appearance of the chief appraiser at a protest
hearing, it also allows the chief appraiser to delegate authority to his
employees.  See Tex. Tax Code §§ 6.05(e), 41.45(c).  The chief appraiser
is not prohibited from delegating his authority to reach an agreement with a
property owner.[4]
 See KM TS Spring Cypress, at *1.  We therefore reject Crescent Oaks’s
claim that an agreement between a property owner and an HCAD representative
appearing on behalf of the chief appraiser is not an agreement subject to
section 1.111(e).  See id.

Crescent Oaks also complains
the trial court erred by granting the plea to the jurisdiction because the pleadings
raised a disputed fact question as to whether there was an agreement with the
chief appraiser.  Crescent Oaks argues that the trial court erred by not
allowing it to conduct discovery on this fact issue.  HCAD acknowledges that a
representative of HCAD, not the chief appraiser, appeared at the protest
hearing.  Thus, there is no disputed fact.  See KM TS Spring, at *2.  The
dispute at issue in the case, whether an agreement between a property owner and
a representative of the chief appraiser precludes an appeal, is a question of
law.  See id.  Crescent Oaks’s argument is without merit.

Crescent Oaks also claims
that to the extent section 1.111(e) precludes an appeal, it is unconstitutional
and denies a property owner due process.  The same issue was presented in Sondock. 
We overrule this contention for the reasons set forth in Sondock.  See
Sondock, 231 S.W.3d at 70.

Crescent Oaks also
contends that by issuing two orders after the protest hearing, HCAD granted it
the right to appeal.  The orders were issued after the agreement had been
reached.[5] 
At the moment the agreement was reached, it became final.  See Sondock, 231
S.W.3d at 69.  That finality rendered any subsequent determinations by the
Board regarding the value, such as any orders it entered, irrelevant.  See
id.; see also Tex. Tax Code § 1.111(e).

We overrule Crescent
Oaks’s issue, including its subsidiary arguments.  We find that the trial court
did not err in granting HCAD’s plea to the jurisdiction and affirm the trial court’s
order.

                                                                        PER
CURIAM

 

 

Panel consists of Justices Brown,
Boyce and Jamison. 









[1] Crescent Oaks’s pleadings
and notice of appeal identify both HCAD and the Harris County Appraisal Review
Board as defendants.  Because the record does not indicate that the Appraisal
Review Board was served or appeared in the suit and it was not a necessary
party, we consider HCAD the only appellee properly before this court.  See
Woodway Drive LLC v. Harris County Appraisal Dist., 311 S.W.3d 649, 651, n.
1 (Tex. App.—Houston [14th Dist.] 2010, no pet.).





[2] 
Section 1.111(e) of the Tax Code provides that:

(e) An agreement between a
property owner or the owner's agent and the chief appraiser is final if the
agreement relates to a matter:

(1) which may be protested
to the appraisal review board or on which a protest has been filed but not
determined by the board; or

(2) which may be corrected
under Section 25.25 or on which a motion for correction under that section has
been filed but not determined by the board.

Tex. Tax Code § 1.111(e).





[3]  The record reflects Crescent Oaks made no objection at
the protest hearing that the chief appraiser failed to appear.





[4]  We note that in many
cases an “HCAD representative” appeared at the protest hearing.  See Sondock,
231 S.W.3d at 69 (at the protest hearing “HCAD's representative” offered an
opinion on the value of the property); Loopser v. Harris County Appraisal
Dist., No. 14-07-00956-CV, 2009 WL 2146151, at *1 (Tex. App.—Houston [ 14th
Dist.] 2009, no pet.) (mem.op.) (“HCAD's representative” testified at the
protest hearing to the property's market value); Prince v. Harris County
Appraisal Dist., No. 14-07-00919-CV, 2009 WL 20975, at *1 (Tex.
App.—Houston [14th Dist .] 2009, no pet.) (mem.op.) (“an HCAD representative”
appeared at the protest hearing); Mann v. Harris County Appraisal Dist.,
No. 01-07-00436-CV, 2008 WL 1747807, at *1 (Tex. App.—Houston [1st Dist.] 2008,
no pet.) (mem.op.) (“[E.W.] represented HCAD's chief appraiser at the protest
hearing”). 





[5]  The property had two tax
accounts, and separate orders issued, with the total value that was agreed
upon.  Because the total value was agreed upon, the two accounts present no
meaningful distinction between this case and those where the property is
covered by a single account..