Opinion issued February 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00996-CV

———————————

Joseph W. & Michelle G. Kelly, as the property owners and the
property owners,
Appellants

V.

Harris
County Appraisal District and the appraisal review board of harris county
appraisal district,
Appellees



 



 

On Appeal from the 127th Judicial District Court 

Harris County, Texas



Trial Court Case No. 2006-58443

 



MEMORANDUM OPINION

          In
this ad valorem property tax case, appellants, Joseph W. and Michelle G. Kelly,
as real property owners, challenge the trial court’s rendition of summary
judgment in favor of appellees, the Harris County Appraisal District (“HCAD”)
and the Appraisal Review Board of Harris County (the “ARB”) (collectively, the “taxing
authorities”), on the Kellys’ claims that the subject real property was
unequally and excessively appraised.  In their
sole issue, the Kellys contend that the trial court erred in granting summary
judgment in favor of the taxing authorities on the ground that they had agreed
upon the appraisal value of the subject property at an ARB hearing.[1]

          We
affirm.

Background

          The
Kellys own a 5,257 square foot single-family residence in Harris County,
Texas.  For tax year 2006, HCAD appraised
the property as having a market value of $1,538,766 and assessed ad valorem
taxes on the property based on that value. 
The Kellys filed a protest of that valuation and designated an agent to
act as their representative at an administrative hearing, which was held before
a three-member panel of the ARB.  At the
beginning of the hearing, the Kellys’ agent, Thomas Orsak, signed and submitted
a written statement to the ARB expressing his opinion that the property had a
value of $1,365,210.  Orsak and Shelly
Summers, who represented HCAD’s chief appraiser, attended the hearing at which the
representatives of the parties offered the following sworn testimony:

[Summers]:                    Account
0914350000004.  My name is Shelly
Summers, and I am under oath.

 

[Owner’s Agent]:           I’m
Thomas Orsak, and I am under oath.  And
it hasn’t been sold in the last year.

 

[Board Member]:           And your
opinion of value?

 

[Owner’s Agent]:           My
opinion of value is 1,365,210.

. . . .

 

[Owner’s Agent]:           My
basis in value is the ISD ratio which actually takes the subject property sale
at 1,379,000 times 0.99 for 1,365,210. . . .  So, 1,379,000 times the 0.99 is my opinion of
value at 1,365,210 since there are no other comparable sales since then.

 

[Board Member]:           Any
comments or questions from the panel? No?

 

[Summers]:                    Our
comparable property analysis is a random sample of nine properties in the area
and then properly adjudged for the differences between two to get a median
market value.  In this case, the median
market value is 1,628,900.  We noticed
the property at 1,538,766.  Therefore,
there is no unequal within the area. 
Looking at the ISD, this does show an unequal with the indicated market
value which would be the sales price since this total remodel back in 2003 of
1,379,000.  So, therefore, there is some
unequal within the ISD.  Therefore, the
district’s recommendation is 1,365,210.

 

[Board Member]:           Okay.
Any comments or questions from the panel? If not, we’re going to go to Mr.
Orsak. You don’t have anything else, Mr. Orsak? Okay, we’ll close testimony.
Concur?

 

[Board Member]:           Concur.  

 

[Board Member]:           Panel
has reached a decision regarding the account ending in 0004 for the tax year
2006 based on testimony that was presented to the panel to determine that the
property was unequally appraised and set a value at $1,365,210.

 

After the hearing, the ARB subsequently ordered HCAD
to correct the appraisal role accordingly, and the ARB sent to the Kellys a
copy of its order, which informed the Kellys as follows:

YOU HAVE THE RIGHT TO APPEAL
THIS ORDER TO THE DISTRICT COURT.  IF YOU
WANT TO APPEAL, YOU SHOULD CONSULT AN ATTORNEY IMMEDIATELY.  YOU MUST FILE A PETITION WITH THE DISTRICT
COURT WITHIN 45 DAYS OF THE DATE YOU RECEIVE THIS NOTICE.  

 

          In September
2006, the Kellys filed suit against the taxing authorities, alleging that the
property had been unequally and excessively appraised.  The taxing authorities answered with a
general denial and later moved for summary judgment “based on the agreement of
value between the parties” and the enforceability of the agreement.[2]  In response, the Kellys denied the existence
of any agreement between its agent and the chief appraiser of HCAD as to the
value of the property.  

Standard of Review

          Summary
judgment is proper only when the evidence shows that there are no issues of
material fact and that the moving party is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c).  We may affirm
a summary judgment only when the record shows that a movant has disproved at
least one element of each of the plaintiff’s claims or has established all of
the elements of an affirmative defense as to each claim.  Id.;
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  The movant has the burden of showing that
there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law.  Id.  In deciding whether
there is a disputed material fact issue precluding summary judgment, proof
favorable to the non-movant is taken as true, and the court must indulge every
reasonable inference and resolve any doubts in favor of the non-movant.  Nixon
v. Mr. Prop. Mgmt. Co, 690 S.W.2d 546, 548–49 (Tex. 1985). 

Analysis

In their sole issue, the Kellys
argue that the trial court erred in granting summary judgment in favor of the
taxing authorities because (1) no agreement as to the appraised value of the
property existed between the Kellys and the chief appraiser, (2) the Kellys
have an “absolute” statutory right to seek a judicial appeal from any order
determining the appraised value of the property made by the ARB, and (3) the
denial of an appeal violates their due process rights.   

In their summary-judgment motion,
the taxing authorities asserted that the Kellys’ claims, as a matter of law, are
barred because they, through their designated agent, had reached a final and enforceable
agreement with HCAD as to the value of the subject property.  They also asserted that the Tax Code precludes
the Kellys from contesting the appraisal in the trial court.  See Tex. Tax Code Ann. § 1.111(e) (Vernon
2008).  

In pertinent part, section 1.111(e)
provides as follows:

(e)
     An agreement between a property owner
or the owner’s agent and the chief appraiser is final if the agreement relates to a matter:

 

(1)            
which may be protested to the appraisal review board or on which a
protest has been filed but not determined by the board

 

Id. (emphasis
added).  

Generally, a property owner is
entitled to appeal an order of the appraisal review board determining a protest
by the property owner.  Tex. Tax Code Ann. § 42.01(1)(A)
(Vernon 2008).  However, section 1.111(e)
agreements are “final and not subject to protest by the property owner or
subject to a property owner’s statutory suit for judicial review under chapter
42.”  MHCB (USA) Leasing and Finance Corp. v. Galveston
Cent. Appraisal Dist., 249
S.W.3d 68, 84 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); see Tex. Tax Code Ann. §§ 41.01(b),
42.01(1)(A) (Vernon 2001); Sondock v. Harris County Appraisal Dist., 231 S.W.3d 65, 69
(Tex. App.—Houston [14th Dist.] 2007, no pet.);
BPAC Tex., L.P. v. Harris County Appraisal Dist., No. 01-03-01238-CV,
2004 WL 2422033, at *3 (Tex. App.—Houston [1st Dist.] October 28, 2004, no
pet.) (mem. op.).

          The
Kellys argue that their appeal is not precluded by section 1.111(e) because “no
agreement with the chief appraiser was made as required by section 1.111(e) of
the code.”  They emphasize that the
“order nowhere states or confirms that any agreement was made regarding the
value between the property owner’s agent and the chief appraiser (or the
appraisal district for that matter).” 
They assert that the taxing authorities “offered no summary judgment
evidence whatsoever supporting any contention that the chief appraiser, as
opposed to the appraisal district, was a party to any agreement.”  

          The
Kellys note that this Court and the Court of Appeals for the Fourteenth
District have issued several opinions[3] that at “first blush” seem
to be controlling, but assert that these cases “are all easily
distinguishable.”  They argue that because
the cases “hinge[d] upon an agreement” between the agent of the property owner agent
and HCAD the “issue” of whether the purported agreements were in fact made with
the chief appraiser “was never raised or discussed,” and the agreements were
not shown to be with the chief appraiser as required by statute,” “each of
those decisions was incorrect and contrary to law.”

          After
the parties filed their briefs with this court, the Fourteenth Court of Appeals
issued an opinion addressing the issue of whether an agreement with an HCAD
representative is an agreement with the chief appraiser under section 1.111(e).
 See
KM TS Spring Cypress L.L.C. v. Harris
County Appraisal Dist., No. 14-09-00978-CV, 2010 WL 3921126, at *1 (Tex.
App.—Houston [14th Dist.] Oct. 7, 2010, no. pet. h.) (mem. op.).  In KM
TS, the property owners argued that their appeal to the trial court was not
precluded by their appraisal agreement because they had no agreement with the
chief appraiser and section 1.111(e) requires such an agreement to be between
the property owner or the owner’s agent and the chief appraiser.  Id.  The court rejected the property owners’
argument and held that an agreement between a property owner and an HCAD
representative is an agreement under section 1.111(e) that precludes
appeal.  KM TS, 2010 WL 3921126, at *2. 
It noted that the Tax Code allows a chief appraiser to delegate
authority to his employees.  See Tex.
Tax Code Ann. § 6.05(e) (Vernon 2008), § 41.45(c) (Vernon Supp. 2010).  

Here, similarly, the Kellys’ agent
and a representative of HCAD agreed to the value of the Kellys’ property at
their protest hearing.  The Tax Code does
state, “The chief appraiser shall appear at each protest hearing before the
appraisal review board to represent the appraisal office.”  Tex.
Tex. Code Ann. § 41.45(c). 
However, the “chief appraiser may delegate authority to his employees.”  Id. § 6.05(e).  In fact, it is not uncommon for an HCAD
representative to appear at protest hearings on behalf of the chief appraiser.  See Sondock, 231
S.W.3d at 69 (at protest hearing, “HCAD’s representative” offered an opinion on
value of the property); Loposer v. Harris County Appraisal Dist., No.
14-07-00956-CV, 2009 WL 2146151, at *1 (Tex. App.—Houston [14th Dist.] July 21,
2009, no pet.) (mem. op.) (“HCAD’s representative” testified at protest hearing
to property’s market value); Prince v. Harris County Appraisal Dist., No.
14-07-00919-CV, 2009 WL 20975, at *1 (Tex. App.—Houston [14th Dist .] Jan. 6, 2009,
no pet.) (mem.op.) (“an HCAD representative” appeared at protest hearing); Mann v. Harris County Appraisal Dist., No. 01-07-00436-CV, 2008 WL 1747807, at *1 (Tex.
App.—Houston [1st Dist.] Apr. 17, 2008, no pet.)
(mem. op.) (“[E.W.] represented HCAD’s chief appraiser at the protest
hearing”).  

The Kellys assert that
the above cases are distinguishable because the property owners did not raise
the issue of whether the chief appraiser was present to enter an
agreement.  As noted above, a chief
appraiser has the authority to delegate his duties and to have a representative
appear at protest hearings.  Tex. Tax Code Ann. §§ 6.05(e),
41.45(c).  Here, the ARB held a protest
hearing, an HCAD representative appeared on behalf of the chief appraiser, no
objection was made that the chief appraiser was not present, and, during the
hearing, an agreement was made between the Kellys agent and the HCAD
representative as to the value of the property. 
We hold that the agreement is final and not subject to protest or
subject to judicial review under chapter 42. 
MHCB, 249 S.W.3d at 83; see Tex.
Tax Code Ann. §§ 41.01(b), 42.01(1)(A). 


          The
Kellys further assert that they had an “absolute right to appeal” to the trial
court because the ARB issued an order which authorized the appeal and the tax code
provides that a property owner is “entitled” to appeal an order of an appraisal
review board.  Tex. Tax Code Ann. § 42.21(a).  However, a section 1.111(e) agreement is
final regardless of whether it is later approved or adopted by the board.  Sondock,
231 S.W.3d at 69; Mann, 2008 WL
1747807, at *5.  At the moment an
agreement is reached, it becomes final, thus, rendering any subsequent
determinations by the board regarding the value irrelevant.  Sondock,
231 S.W.3d at 69.  At the time the
agreement between the Kellys and HCAD’s representative was reached, the board
had not determined the Kellys protest of the initial appraised value of the
property.  Because the agreement became
final, and the subsequent approval and order by the board was irrelevant, the
Kellys did not have an ARB order to appeal. 
See Mann, 2008 WL 1747807, at
*6 (“we conclude that the protest was not ‘determined by the Board,’ even
though, after the parties reached an agreement, the Board entered an ‘Order
determining Protest’ that set the appraised value at the amount agreed to by
the parties”).  

The Kellys also assert that the denial
of their appeal to the trial court violates their right to due process.  However, this Court previously considered and
rejected the same argument in Mann, Hartman, and BPAC.  See Mann, 2008 WL 1747807, at *6; Hartman, 251 S.W.3d at 601; BPAC, 2004 WL 2422033, at *3.  Likewise, the Fourteenth Court of Appeals has
rejected this argument.  See KM TS, 2010 WL 3921126, at *3; Sondock, 231 S.W.3d at 70.  

It is well-established
that the collection of taxes constitutes deprivation of property; therefore, a
taxing authority must afford a property owner due process of law.  McKesson Corp. v. Div. of Alcoholic Beverages &
Tobacco, 496 U.S. 18, 36–37, 110 S. Ct. 2238,
2250–51, (1990).  Texas courts have held that “[d]ue process
simply affords a right to be heard before final assessment; it does not detail
the review mechanism.”  ABT Galveston
Ltd. P’ship v. Galveston Cent. Appraisal Dist., 137 S.W.3d 146, 155 (Tex. App.—Houston [1st Dist.] 2004, no pet.)
(quoting Dallas County Appraisal Dist. v. Lal, 701 S.W.2d 44, 47 (Tex.
App.—Dallas 1985, writ ref’d n.r.e.)); see Mann, 2008 WL 1747807, at *6; Hartman,
251 S.W.3d at 601; Sondock, 231 S.W.3d at 70;
BPAC,
2004 WL 2422033, at *3.  In cases
involving taxation, due process is satisfied if a taxpayer is given an
opportunity to be heard before an assessment board at some stage of the
proceedings.  See Mann, 2008 WL 1747807, at *6; Hartman, 251
S.W.3d at 601 Sondock, 231 S.W.3d at 70;
BPAC, 2004 WL 2422033, at *3.  The courts in Mann, Hartman, Sondock, and BPAC each held that the property owners were not
deprived of their statutory due process rights when they were given an
opportunity to be heard before a review board and reached an agreement with the
taxing authority at that review.  Hartman, 251 S.W.3d at 601;
Sondock, 231 S.W.3d at 70; BPAC, 2004 WL
2422033, at *3.

Here, the Kellys filed
a protest and were given an opportunity to present arguments before the ARB.  HCAD’s representative agreed with the Kellys’
valuation of the subject property and the Kellys made no objections or final
comments, even though they were given the opportunity to do so.  We conclude that the Kellys’ due process
rights were not violated because they were given an opportunity to be heard
before the ARB and they reached an agreement with HCAD during their protest
review.  

Accordingly, we hold that the trial
court did not err in granting summary judgment in favor of the taxing authorities.  We overrule the Kellys’ sole issue.

 

 

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

 











[1]           See
Tex. Tax. Code Ann. § 1.111(e)
(Vernon 2008).  

 





[2]           See
id.





[3]
          See Loposer v. Harris County
Appraisal Dist., 14-07-00956-CV, 2009 WL 2146151 (Tex. App.—Houston [14th
Dist.] July 21, 2009, no pet.) (mem. op); Amidei
v. Harris County Appraisal Dist., No. 01-08-00833, 2009 WL 2050974 (Tex.
App.—Houston [1st Dist.] July 16, 2009, no pet.); Verm v. Harris County Appraisal Dist., No. 14-06-01046-CV, 2008 WL
2580041 (Tex. App.—Houston [14th Dist.] July 1, 2008, no pet.) (mem. op.); Mann v. Harris County Appraisal Dist.,
No. 01-07-00436-CV, 2008 WL 1747807 (Tex. App.—Houston [1st Dist.] Apr. 17,
2008, no pet.) (mem. op.); Hartman v. Harris
County Appraisal Dist., 251 S.W.3d 595 (Tex. App.—Houston [1st Dist.] 2007,
no pet); Sondock v. Harris County
Appraisal Dist., 231 S.W.3d 65 (Tex. App.—Houston [14th Dist.] 2007, no
pet.); BPAC Texas, LP v. Harris County
Appraisal Dist., No.
01-03-01238-CV, 2004 WL 2422033 (Tex. App.—Houston [1st Dist.] Oct. 28, 2004,
no pet.) (mem. op.).