**Affirmed and Memorandum Opinion filed June 25, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00491-CV

## HOUSTON CEMENT COMPANY, Appellant,

## V.

## HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY APPRAISAL REVIEW BOARD, Appellees.

**On Appeal from the 164th District Court
Harris County
Trial Court Cause No. 2011-21920**

## M E M O R A N D U M   O P I N I O N

Appellant Houston Cement Company ("Cement") challenges the trial court's grant of a plea to the jurisdiction in favor of appellees Harris County Appraisal District ("HCAD") and Harris County Appraisal Review Board (the "board") on Cement's claim that HCAD incorrectly appraised Cement's inventory for the 2009 and 2010 tax years. On appeal, Cement argues the trial court erred by: (1) granting the appellees' plea to the jurisdiction, (2) sustaining the appellees' objection to the testimony of Brett Koch, (3) sustaining the appellees' objection to documents

offered by Cement under the business-records exception, and (4) denying Cement's motion for mediation. We affirm the trial court's judgment.

I

Cement is a business located in Harris County. At all times and for all purposes relevant to this litigation, Brett Koch and Ron Short acted as agents of Cement and HCAD, respectively.

For the 2009 tax year, HCAD initially appraised Cement's business personal property at a value of $29,118,683. Based on information Cement provided, Koch protested the valuation in writing. Before the board's hearing on the protest, however, Cement and HCAD agreed to an amended appraised value of $26,767,135, thereby resolving the dispute. Koch and Short executed and signed a written agreement to that effect.

Cement similarly protested HCAD's initial appraised value of Cement's property for the 2010 tax year. Before the board's hearing, the parties again agreed to an amended appraised value and memorialized the resolution in a written agreement, executed and signed by Koch and Short. Both the 2009 and the 2010 agreements include itemized descriptions of the initial and final appraised values of several types of property, including inventory.

In January of 2011, Cement filed a motion to correct the 2009 and 2010 values of its property under section 25.25(c) of the Tax Code (the "Code"), arguing that, due to clerical errors, both valuations included inventory that had been in transit and not yet located in Harris County on January 1 of each respective tax year. The board dismissed Cement's motion with respect to both years for lack of jurisdiction.

Cement brought a suit for judicial review of the board's decision in district

court, again arguing that HCAD had incorrectly appraised its property. The appellees filed a plea to the jurisdiction, arguing that the agreements rendered the 2009 and 2010 valuation amounts final and therefore section 1.111(e) of the Code precluded Cement's suit. The trial court held a hearing on the matter, after which it granted the plea to the jurisdiction and dismissed Cement's claims with prejudice. This appeal followed.

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). A trial court deciding a plea to the jurisdiction may consider evidence in addition to the pleadings, and must do so when necessary to resolve the jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). But the court should confine itself to the evidence relevant to the jurisdictional issue. *Id.* If amending the pleadings will not cure the jurisdictional defect, the trial court may grant a meritorious plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *See Cnty. Of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). When reviewing a plea to the jurisdiction, we cannot examine the merits of the case. *See Hous. Indep. Sch. Dist. v. 1615 Corp.*, 217 S.W.3d 631, 635 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

II

In Cement's first issue, it argues that the agreements did not specifically relate to inventory. In its view, appellees' plea to the jurisdiction rested on an interpretation of section 1.111(e) that disregarded the statute's subsections and essentially construed it to mean "that any agreement, regardless of what it relates to, prevents any future corrections." Cement further insists that the "only logical construction" of the statute is "that an agreement is only final as to the specific matter to which the agreement relates."

A

Generally, property owners have a statutory right to sue for judicial review of an appraisal review board's determination of a motion to correct filed under section 25.25. *See* Tex. Tax Code § 42.01(a)(1)(B). Section 1.111(e), however, provides:

> An agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter:
>
> (1) which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board; or
>
> (2) which may be corrected under Section 25.25 or on which a motion for correction under that section has been filed but not determined by the board.

*Id.* § 1.111(e). Agreements under this section are "final and not subject to protest by the property owner or subject to a property owner's statutory suit for judicial review under chapter 42." *MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist.*, 249 S.W.3d 68, 84 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

The Code does not define "agreement." Therefore, we apply the ordinary meaning of the term, *see* Tex. Gov't Code § 312.002(a), which this court has previously defined as "the act of agreeing; harmony of opinion; accord." *Sondock v. Harris Cnty. Appraisal Dist.*, 231 S.W.3d 65, 69 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (quoting THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 2006)). In *Sondock*, this court explained that a property owner and HCAD were in harmony of opinion when they expressed the same approximate value for the property during a hearing before the board, and this "meeting of the minds" created a final agreement as to that value under section 1.111(e). *Id.* The First Court of Appeals has similarly stated, "If the property owner happens to state the same valuation opinion as the appraisal district

4

representative . . . an agreement is reached." *Bullseye PS III LP v. Harris Cnty. Appraisal Dist.*, 365 S.W.3d 427, 434–35 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *see Hartman v. Harris Cnty. Appraisal Dist.*, 251 S.W.3d 595, 600 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("When the [property owners'] agent and the appraiser each announced the same opinion as to the value of the property, they were in 'the act or fact of agreeing' and were expressing a 'harmony of opinion.'").

B

In this case, Cement's argument that the agreements did not relate to inventory is contrary to the plain language of the agreements. Cement and HCAD clearly expressed harmony of opinion as to the final values of Cement's combined business personal property and of its inventory in the signed, specifically written agreements. Because those final values were matters on which protests either could have been filed or had been filed but not yet determined by the board, the agreements are final as to those values. *See* Tex. Tax Code § 1.111(e)(1).[1]

Therefore, appellees' plea to the jurisdiction did not rest on an overly broad interpretation of section 1.111(e) that disregarded its subsections. In fact, because the value of inventory was a specific matter to which the agreements related, the agreements precluded Cement's lawsuit even under Cement's construction of the statute.

Accordingly, we conclude that the trial court correctly granted the plea to the jurisdiction, and we overrule Cement's first issue.

---

[1] Further, because a challenge to a subtotal is necessarily a challenge to its corresponding total, our conclusion would be the same even absent the line-item values for specific types of property.

In its second and third issues, Cement argues the trial court erred by sustaining the appellees' objection to Koch's testimony[2] and to documents that Cement offered to show that it did not discover the inventory errors until after the agreements were executed. But because the excluded evidence was irrelevant to the jurisdictional inquiry, we do not determine the merits of these issues. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 555 ("[A] court deciding a plea to the jurisdiction . . . should, of course, confine itself to the evidence relevant to the jurisdictional inquiry."). We also need not determine the merits of Cement's fourth issue, which challenges the trial court's denial of its motion for mediation because we already have determined that the trial court correctly granted the plea to the jurisdiction, and, therefore, this issue is moot.[3]

---

[2] Although we do not consider this issue, we note that Cement mischaracterizes Koch's testimony by stating that "he testified that the 2009 agreement did not relate to inventory," and "the 2010 agreement only related to leasehold improvements and machinery and equipment and did not relate to inventory." This comes from the portion of Koch's testimony during which he explained the grounds for the protests that preceded each agreement, but he did not testify that the parties intended the agreements to relate only to those grounds. And even if he had, such testimony would have been immaterial. An agreement is created for the purposes of section 1.111(e) when parties express harmony of opinion, regardless of the parties' respective intents and purposes for expressing that opinion. *See Bullseye PS III LP*, 365 S.W.3d at 434–35; *Sondock*, 231 S.W.3d at 69.

[3] Cement suggests that if this court overrules its first issue, its fourth issue may nevertheless be subject to appellate review "under the 'capable of repetition yet evading review' exception to the mootness doctrine." That doctrine applies when (1) the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot, and (2) there is a reasonable expectation that the same action will occur again if the issue is not considered. *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999). Because Cement's issue does not satisfy either requirement, the doctrine does not apply to this appeal.

* * *

Accordingly, we affirm the trial court's judgment dismissing this case for lack of subject-matter jurisdiction.


/s/    Jeffrey V. Brown
          Justice


Panel consists of Justices Frost, Brown, and Busby.