## HAYES v. NICHOLS.

### No. 2589.

Court of Civil Appeals of Texas. Eastland.

May 23, 1947.

G. H. Williamson, of Stephenville, for appellant.

C. O. McMillan, of Stephenville, for appellee.

GRAY, Justice.

C. W. Nichols brought suit in the County Court of Erath County against G. S. Hayes for $468.18, alleged to be due him for a paint job on the premises of defendant. The account included a number of items. One item of $11.46 for painting 191 posts at six cents each was eliminated by the trial judge upon admission by the plaintiff that they had no agreement covering same. Defendant admitted liability as to all other items except as to the painting of a corral amounting to $172.35. On this disputed item, the jury found in favor of the plaintiff and the court rendered judgment for plaintiff for $456.72, which was the amount sued for, less $11.46 eliminated by the court. The defendant appealed to this court.

The first error assigned is that the trial court refused to give a correct definition of "contract" and "agreement" after timely objection was made to that portion of the charge. No specific grounds of objection were set out as required by Rule 274, Texas Rules of Civil Procedure. Plaintiff pleaded "a verbal agreement", and in the charge, "oral agreement" was used. The word "contract", does not appear in either the pleadings or charge. The definition of "agreement" given by the court was as follows: "An agreement is a verbal understanding to which both parties have assented and upon which both are acting." We think it was not necessary to define "contract", and in the absence of specific objection to the definition of "agreement" and compliance with Rule 274, no error is shown.

Point No. Two alleges error by the court in rendering judgment on the verdict because the testimony was too indefinite to support a judgment. From the evidence, we learn that the total cost of the job was not determined in advance for the reason that the number of squares painted was to be calculated when the work was finished. The white was to be two coats at $4.00 per square, and the red one coat at $2.50 per square, any errors in computation to be corrected. Appellant makes no contention that the surface painted was not correctly calculated. Plaintiff testified to

a conversation with defendant before beginning the work in which the painting of the corrals was mentioned, and defendant finally said: "Alright, go ahead, get on it." We think the evidence was sufficiently definite to support the findings of the jury.

■■ Appellant contends that the trial court erred in submitting special Issue No. Two, which called for a finding on quantum meruit as to the painting of the corral in controversy, when the plaintiff had pleaded a specific agreement at $2.50 per square, and that said issue as submitted assumed a contract as to quantum meruit without pleading to support it. Appellant made no objection to the submission of said issue at the time, and he, therefore, waived any objection he may have had. However, it was harmless error, since the jury finding as to quantum meruit was almost identical with the pleaded agreement. In response to special Issue No. One, the jury specifically found that there was an agreement between the parties by which plaintiff was to paint the red corral at $2.50 per square.

We believe that no reversible error is shown and all points are overruled.

The judgment of the trial court is affirmed.