Affirmed and Memorandum Opinion filed July 1, 2008








Affirmed and Memorandum Opinion filed July 1, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01046-CV

____________

 

RAY A. VERM & JANE VERM, AS THE PROPERTY
OWNERS AND THE PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT
AND THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT, Appellees

 



 

On Appeal from the 190th
District Court

Harris County, Texas

Trial Court Cause No. 2005-65952

 



 

M E M O R A N D U M   O P I N I O N








In this ad valorem property tax case, appellants, Ray A.
Verm and Jane Verm, the individual owners of the property at issue, challenge
the trial court=s rendition of summary judgment in favor
of appellee, Harris County Appraisal District (HCAD),[1]
on the Verms= claims that the subject property was unequally
appraised.  In their sole issue, the Verms argue the trial court erred in
granting HCAD=s motion for summary judgment.  We affirm.

The Verms own real property located in Harris County,
Texas.  After HCAD appraised the property at a value of $923,419 for the 2005
tax year, the Verms filed a protest.  Their designated agent, an employee from
a tax consulting firm, represented them at the protest hearing held before a
three-member panel of the Harris County Appraisal Review Board (the Board).  At
the hearing, the Verms= agent recommended to the panel that the
property should be appraised at $890,500.  The chief appraiser and
representative of HCAD concurred that the property should be valued at
$890,500, and the Board subsequently issued an Order Determining Protest,
setting the appraised value at $890,500.  The order informed the Verms that
they had forty-five days to appeal the Board=s decision in
district court.  The Verms filed suit against HCAD in district court, alleging
that the property had been unequally appraised.[2] 
HCAD filed a motion for summary judgment claiming that under Section 1.111(e)
of the Tax Code, an agreement as to the property=s value between
HCAD and the Verms prohibited the Verms= appeal as a
matter of law.  The trial court granted HCAD=s motion for
summary judgment.  








In a traditional motion for summary judgment, the movant
bears the burden of showing that there is no genuine issue of material fact and
that judgment should be granted as a matter of law.  See Tex. R. Civ. P. 166a(c); KPMG Peat
Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  A defendant is entitled to summary judgment upon either conclusively
negating at least one of the essential elements of each of the plaintiff=s causes of action
or by conclusively establishing all the elements of an affirmative defense.  Johnson
v. Felts, 140 S.W.3d 702, 706 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  In order to conclusively negate at least one of the
requisite elements, the motion must identify or address the cause of action or
defense and its elements.  Id.  Under this traditional standard, this
court must take as true all evidence favorable to the nonmovant and must make
all reasonable inferences in the nonmovant=s favor.  KPMG
Peat Marwick, 988 S.W.2d at 748.

HCAD moved for summary judgment on the Verms= claims based
solely on the ground that the Verms, through their designated agent, had
reached a final and enforceable  agreement with HCAD regarding the value of the
property.  The Tax Code provides that an agreement between a property owner or
the owner=s agent and the chief appraiser is final if the
agreement relates to a matter which may be protested to the appraisal review
board or a matter on which a protest has been filed but not determined by the
board.  See Tex. Tax Code Ann.
_ 1.111(e)(1)
(Vernon 2008).








The Verms argue the trial court erred in granting summary
judgment pursuant to section 1.111(e) of the Tax Code because (1) the HCAD
chief appraiser=s concurrence at the hearing with the
value the Verms= agent suggested did not amount to an
agreement, (2) an agreement requires one or both parties to have acted upon the
agreement, and here neither party acted upon the matter, and (3) in any event
the Verms= protest was determined by the Board, making section
1.111(e) inapplicable.  We recently addressed similar arguments in Sondock
v. Harris County Appraisal District, 231 S.W.3d 65 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  The Sondock property owners had appealed from a
summary judgment in favor of HCAD, alleging that no agreement with HCAD was
reached.  Id. at 68B69.  A transcript of the hearing before
the Board panel indicated that the HCAD representative had concurred with the
valuation suggested by the property owners= agent.  Id. at
68.  Because the Tax Code does not define the term Aagreement,@ we looked to the
ordinary meaning of the term and concluded that an agreement is A>the act of
agreeing; harmony of opinion; accord.=@  Id. at 69
(quoting The American Heritage Dictionary of the English Language).  We
found that HCAD and the property owners were in harmony of opinion regarding
the appraised value of the property and thus they had reached an agreement.  Id. 
We also concluded that by deleting the requirement of Board approval, the
legislature intended to make it easier for parties to reach agreements in the
event of a dispute involving taxable property, and therefore validating
agreements where there was a meeting of the minds furthered that purpose.  See
id.; see also Tex. Tax Code Ann. _ 1.111(e)(1). 

Although the record does not contain a transcript of the
hearing, the Verms= brief to this court states that at the
hearing their agent requested an appraised value of $890,500 and that the HCAD
chief appraiser Aconcurred@ with this value. 
HCAD did not contradict
these facts as contained in the Verms= brief, and thus we take them as
true.  See Tex. R. App. P.
38.1(f) (in a civil case, an appellate court is to accept as true facts stated
in the appellant=s brief unless another party contradicts those facts).  As in Sondock,
we find that when HCAD Aconcurred@ with the Verms= valuation, the
Verms and HCAD reached a final agreement as to the value of the subject
property.  See Sondock, 231 S.W.3d at 69; see also Hartman v. Harris
County Appraisal Dist., 251 S.W.3d 595, 601 (Tex. App.CHouston [1st
Dist.] 2007, pet. denied) (AIt is the fact of agreeingCthe harmony of
opinionsCthat creates the
agreement.@).








Moreover, the agreement was reached while the Board was
still deliberating, and therefore it related to a matter in which a protest had
been filed but not yet determined by the Board.  See Tex. Tax Code Ann. _ 1.111(e)(1);
Sondock, 231 S.W.3d at 69; BPAC Tex., LP v. Harris County Appraisal
Dist., No. 01-03-01238-CV, 2004 WL 2422033, at *1, 3 (Tex. App.CHouston [1st
Dist.] Oct. 28, 2004, no pet.) (mem. op) (holding that concurrence as to
property value between owner=s agent and HCAD representative during
hearing constituted a final agreement enforceable under section 1.111(e)). 
Although the Verms contend that no agreement can exist because the parties did
not act on the agreement
or inform the Board panel that an agreement had been reached, A[w]e do not read section 1.111(e) to
require such actions.@  Sondock, 231 S.W.3d at 69; see also Hartman,
251 S.W.3d at 600 (holding that by announcing same opinion regarding property=s value to panel,
property owner and HCAD were informing panel of their agreement and Aacting@ upon the matter,
and that section 1.111(e) does not require a formal announcement such as Awe agree@).  The Verms also
claim that by issuing an Order Determining Protest, the Board never accepted or
reviewed any alleged agreement.  We addressed a similar argument in Sondock and
concluded that because the agreement was final the moment it was reached, that
agreement rendered any determination by the Board regarding value, such as the
Order Determining Protest, irrelevant.  Sondock, 231 S.W.3d at 69.

The Verms further argue that interpreting section 1.111(e)
as precluding judicial appeal in this case unconstitutionally denies them their
due process rights.  The collection of taxes constitutes deprivation of
property; therefore a taxing authority must afford a property owner due process
of law.  See McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco,
496 U.S. 18, 36 (1990); Sondock, 231 S.W.3d at 70.  Texas courts have found
due process satisfied in cases involving taxation where the taxpayer is given
an opportunity to be heard before an assessment board at some stage of the
proceedings.  See Sondock, 231 S.W.3d at 70; ABT Galveston
Ltd. P=ship v. Galveston Cent. Appraisal Dist., 137 S.W.3d 146,
155 (Tex. App.CHouston [1st Dist.] 2004, no pet.); Denton Cent.
Appraisal Dist. v. CIT Leasing Corp., 115 S.W.3d 261, 266 (Tex. App.CFort Worth 2003,
pet. denied).  








We addressed this argument in Sondock and stated, AWe cannot imagine
how the [property owners] were deprived of due process when they were given the
opportunity to present their arguments to a legal panel and they reached an
agreement fully satisfying their stated contentions.@  Sondock,
231 S.W.3d at 70.  The Verms presented their protest to the panel, were
provided a hearing before the panel on the matter, and raised no further
complaints after the HCAD representative concurred with their proposed property
valuation.  Accordingly, we find the Verms were afforded due process.  See
id.; see also Hartman, 251 S.W.3d at 601 (holding property owners
who had opportunity to be heard before appraisal review board were provided due
process); BPAC Tex., LP, 2004 WL 2422033, at *3 (holding that when
property owner chose to reach agreement with HCAD, it was not deprived of its
statutory due process right to appeal appraisal board=s order because
agreement, not order, determined outcome).  We overrule the Verms= issue and hold
the trial court did not err in granting summary judgment in HCAD=s favor.

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 1, 2008.

Panel consists of
Justices Yates, Guzman, and Brown.









[1]  Although the Harris County Appraisal Review Board is
listed in the style of this case, service was not perfected on the Board and
therefore it was not party to the lawsuit or this appeal.  In addition, while
only HCAD moved for summary judgment, the judgment in this case is final for
purposes of appeal.  See Sondock v. Harris County Appraisal Dist., 231
S.W.3d 65, 67 n.1 (Tex. App.CHouston [14th
Dist.] 2007, no pet.) (stating that even though service was not perfected as to
Harris County Appraisal Review Board, judgment was still final as to the
Board).





[2]  The Verms=
original petition also alleged that the property had been excessively
appraised, but they later nonsuited this claim.