Opinion issued June 16, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00998-CV

———————————

Genesis Capital Partners IX, Appellant

V.

Harris
County Appraisal District and the Appraisal Review Board of Harris County Appraisal
District,
Appellees



 



 

On Appeal from the 269th District Court

Harris County, Texas



Trial Court Case No. 2008-55419

 



 

MEMORANDUM OPINION

          In
this ad valorem property tax case, appellant Genesis Capital Partners IX* challenges the trial court’s order
granting appellee Harris County Appraisal District’s plea to the jurisdiction
and dismissing its suit for judicial review. 
Genesis Capital filed a valuation protest for tax year 2008 for the
commercial property known as One Chasewood Park.  At the hearing before the Appraisal Review
Board, Genesis Capital and the appraisal district concurred on a median value
of $15,194,294 for the property.  Genesis
Capital did not object on the ground that the chief appraiser was not present.  The Appraisal Review Board issued an order
determining protest, which showed a final property value of $15,194,294 and
stated that Genesis Capital had the right to appeal.

          Genesis
Capital filed a petition in the district court alleging excessive and unequal
appraisal.  The appraisal district
answered and filed a plea to the jurisdiction arguing that the appeal was
prohibited because the property owner’s agent reached an agreement with the
appraisal district.  See Tex. Tax Code Ann.
§ 1.111(e) (West 2008); MHCB (USA)
Leasing & Fin. Corp. v. Galveston
Cent. Appraisal Dist., 249 S.W.3d 68, 84 (Tex. App.—Houston [1st Dist.]
2007, pet. denied).  In response, Genesis
Capital denied the existence of any agreement between its agent and the
appraisal district’s chief appraiser as to the value of the property.  The trial court granted the plea to the
jurisdiction and dismissed the case without prejudice.

Genesis Capital appealed.  In its first issue, it contends that the
trial court erred in determining that its suit was barred because it had agreed
with the appraisal district upon the appraisal value of the subject property at
an ARB hearing.  See Tex. Tax Code Ann.
§ 1.111(e).  In its second issue, Genesis
Capital argues that the trial court erred by implicitly denying its request for
a continuance to obtain discovery.

          We
review a ruling on a plea to the jurisdiction de novo, construing the pleadings
in the plaintiff’s favor and considering relevant evidence when the existence
of jurisdictional facts has been challenged. 
See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226–27
(Tex. 2004); Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 553–54 (Tex. 2000); Koll Bren Fund VI, L.P. v. Harris Cnty. Appraisal Dist., No.
01-07-00321-CV, 2008 WL 525799, at *2 (Tex. App.—Houston [1st Dist.] Feb. 28,
2008, pet. denied) (mem. op.).

Although the chief appraiser is
required to appear at each protest hearing, Tex.
Tax Code Ann. § 41.45(c) (West Supp. 2010), he may delegate authority
to his employees to appear on his behalf, see
id. § 6.05(e) (West 2008).  At the
protest hearing before the ARB, an appraisal district representative appeared
on behalf of the chief appraiser, no objection was made that the chief
appraiser was not present, and during the hearing an agreement was made between
Genesis Capital’s agent and the appraisal district’s representative.  Following this Court’s prior and binding precedent,
we hold that the agreement is final and not subject to protest or judicial
review under Chapter 42 of the Tax Code. 
See Kelly v. Harris Cnty.
Appraisal Dist., No. 01-09-00996-CV, 2011 WL 497032, at *4 (Tex.
App.—Houston [1st Dist.] Feb. 10, 2011, no pet. h.) (mem. op.).

Genesis Capital further asserts
that it had an absolute right to appeal because of the order issued by the ARB.  It did not. 
Because the parties’ agreement became final before the ARB determined
the protest, the subsequent approval of the agreement by the board was
irrelevant.  See id.

Genesis Capital also asserts that
the denial of its appeal to the trial court violates its right to due
process.  It does not.  Genesis Capital’s due process rights were not
violated because it was given an opportunity to be heard before the ARB and it
reached an agreement with the appraisal district during its protest
hearing.  See id. at *5; see also Mann
v. Harris Cnty. Appraisal Dist., No. 01-07-00436-CV, 2008 WL 1747807, at *6
(Tex. App.—Houston [1st Dist.] April 17, 2008, no pet.) (mem. op); Hartman v. Harris Cnty. Appraisal Dist.,
251 S.W.3d 595, 601 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); BPAC Tex., L.P. v. Harris Cnty. Appraisal
Dist., No. 01-03-01238-CV, 2004 WL 2422033, at *3 (Tex. App.—Houston [1st
Dist.] Oct. 28, 2004, no pet.) (mem. op).

We hold that the trial court
properly granted the appraisal district’s plea to the jurisdiction, and in
light of this holding, we further hold that the trial court did not err in
implicitly denying Genesis Capital’s motion for continuance.  We overrule both of Genesis Capital’s issues,
and we affirm the judgment of the trial court.

PER CURIAM

 

Panel
consists of Justices Keyes, Sharp, and Massengale.











*
          In
the order of dismissal, the named plaintiff was identified as Genesis Capital Partners IX, “as the PROPERTY OWNERS and the PROPERTY
OWNERS.”  No party argues that this quoted
language has any significance to the issues on appeal, and our review of the
record reveals no other parties who could qualify as appellants.  See Tex. R. App. P. 3.1(a).