**BULLSEYE PS III LP, as the Property Owners and the Property Owners, Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee.**

No. 01–09–01139–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 16, 2011.

Rehearing Overruled Aug. 3, 2011.

Hugh L. McKenney, McKenney & Associates, P.C., Houston, TX, for Appellant.

G. Todd Stewart, Tammy White–Chaffer, Olson & Olson, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices KEYES, SHARP, and MASSENGALE.

## OPINION

EVELYN V. KEYES, Justice.

In this property tax valuation case, appellant, Bullseye PS III LP ("Bullseye"), challenges the trial court's grant of a plea to the jurisdiction in favor of the Harris County Appraisal District ("HCAD") on Bullseye's claim that HCAD excessively and unequally appraised its property.[1] In three issues on appeal, Bullseye contends that the trial court erred in (1) granting HCAD's plea to the jurisdiction because Bullseye's agent did not enter into a valuation agreement with HCAD's chief appraiser at the protest hearing; (2) denying Bullseye's motion for continuance; and (3) denying rehearing of Bullseye's motion to compel depositions.

We affirm the trial court's judgment dismissing this case for lack of subject matter jurisdiction.

## Background

Bullseye owns a 1.36 acre tract of property located in Harris County, Texas, and it maintains a storage unit facility on that property. For the 2008 tax year, HCAD initially appraised the property as having a market value of $6,283,781. Bullseye filed a protest of the initial valuation with the Harris County Appraisal Review Board ("the Board") and appointed O'Connor & Associates, a tax consulting firm, as its agent for the administrative protest process.

A three-member panel of the Board held a hearing on Bullseye's protest. At the hearing, Darren Blakemore, an O'Connor employee, represented Bullseye, and Mike Garcia appeared as the representative for HCAD. Before the hearing began, Blakemore completed a "Hearing Affidavit." stating that his opinion for the value of the property was $6,283,781—the same amount at which HCAD had initially appraised the property. On the same form,

---

1. Although Bullseye's original petition listed both the Harris County Appraisal District and the Harris County Appraisal Review Board as defendants, the record does not indicate that the Board received service of citation or appeared in the proceeding. An appraisal review board is not a necessary party to a petition for judicial review of the board's order. TEX. TAX CODE ANN. § 42.21(b) (Vernon Supp. 2010). Because the Board is not a necessary party to the appeal and the record does not affirmatively demonstrate that the Board was served or that it appeared, we hold that HCAD is the only appellee properly before the court. See KM–Timbercreek, LLC v. Harris Cnty. Appraisal Dist., 312 S.W.3d 722, 724 n. 1 (Tex.App.-Houston [1st Dist.] 2009, no pet.).

Garcia, as the appraisal district representative, swore that the testimony that he would present to the Board was "true and correct." The parties then offered the following sworn testimony at the hearing:

[Garcia]: Account Number ending in three. My name is Mike Garcia, I am under oath. (Inaudible.)

[Blakemore]: Sorry. My name is Darren Blakemore. My opinion of the value for the property is $6,283

Board Member: Okay. Ready for you to sign. And, once again, the three of us have also signed the affidavit. We have both the disclosure statement signed, the affidavit signed. The opinion of value from the agent is $6,283,781. And we're ready now for a description of the property.

[Garcia]: [Account Number.] Property location is 4250 Southwest Freeway, Suite 600, a/k/a Bullseye Storage. This is a 4396 mini warehouse built in 2000. Net rentable area of 61,452 square feet. Acreage of 1.3641 acres. It's the opinion of the district that the property is valued at $6,283,781.

Board Member: Okay. Comment, Mr. Blakemore? Do you want to say anything more?

[Blakemore]: No, sir.

Board Member: Okay.

[Blakemore]: No, sir.

Board Member: All right. And any questions here? I guess you will make a recommendation, or did you already do that? You guys agreed on it, so really it's out of our jurisdiction anyway.

[Garcia]: Oh, you've agreed to this value? Oh, I'm sorry, I didn't catch that.

Board Member: Yeah, he agreed to the noticed value.

[Garcia]: Sorry about that.

Board Member: Okay? And you do too, right?

[Garcia]: I agree with it also.

Board Member: All right. We're going to close testimony. Both the agent and the appraiser have agreed on the noticed value of $6,283,781. And that will be the final figure for tax year 2008. That will conclude the hearing.

After the hearing, the Board mailed Bullseye an order determining protest, confirming the final 2008 appraised value at $6,283,781. The order included the following notice:

YOU HAVE THE RIGHT TO APPEAL THIS ORDER TO THE DISTRICT COURT. IF YOU WANT TO APPEAL, YOU SHOULD CONSULT AN ATTORNEY IMMEDIATELY. YOU MUST FILE A PETITION WITH THE DISTRICT COURT WITHIN 45 DAYS OF THE DATE YOU RECEIVE THIS NOTICE.

Within forty-five days after receiving the order, Bullseye brought a suit for judicial review of the Board's decision in the district court, contending that HCAD and the Board had excessively and unequally appraised the property. HCAD filed a plea to the jurisdiction arguing that, because Bullseye's agent and HCAD's representative had reached an agreement regarding the value of the property at the hearing, this agreement rendered the valuation amount final and precluded Bullseye's suit for judicial review under Tax Code section 1.111(e). HCAD contended that, although Tax Code section 41.45(c) provides that the chief appraiser is to appear at each protest hearing before the Board, the chief appraiser may delegate this authority to appraisal district employees pursuant to Tax Code section 6.05(c). Because HCAD's representative and Bullseye's agent agreed that the property should be valued at $6,283,781, and this

agreement was reached before the Board determined Bullseye's protest, the valuation became final, and, therefore, according to HCAD, Bullseye could not challenge the valuation in a suit for judicial review.

In response, Bullseye contended that HCAD did not meet the requirements for establishing an agreement pursuant to section 1.111(e) because that section requires an agreement between the property owner or the owner's agent and the *chief appraiser*, and an agreement between the owner's agent and a *representative* of the appraisal district does not suffice. Because HCAD only presented evidence of an agreement between the owner's agent and the appraisal district, which is distinct from the chief appraiser, Bullseye argued that the trial court should deny HCAD's plea to the jurisdiction. In its response, Bullseye also moved for a continuance, alleging that HCAD's discovery responses were "contradictory and indicated that until recently [HCAD's] position was that no agreement existed." Bullseye requested a continuance to conduct discovery on "[HCAD's] contradictory position regarding the purported agreement" with Bullseye's agent. Bullseye also requested a rehearing of its motion to compel depositions of HCAD employees "[i]n light of the contradictory discovery responses and [HCAD's] position that the court lacks jurisdiction based upon an assertion of factual circumstances."

The trial court granted HCAD's plea to the jurisdiction and dismissed Bullseye's claim. This appeal followed.

### Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex.2004). We construe the pleadings liberally in favor of the plaintiff while considering the pleader's in-

tent. *See id.* A trial court decides a plea to the jurisdiction by reviewing the pleadings and any evidence relevant to the jurisdictional inquiry. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). If the jurisdictional defect cannot be cured by amending the pleadings, the trial court may grant a meritorious plea to the jurisdiction without allowing the plaintiff an opportunity to amend. *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). When reviewing a plea to the jurisdiction, we cannot examine the merits of the case. *See Houston Indep. Sch. Dist. v. 1615 Corp.*, 217 S.W.3d 631, 635 (Tex. App.-Houston [14th Dist.] 2006, pet. denied).

### Agreement on Valuation

In its first issue, Bullseye contends that the trial court erred in granting HCAD's plea to the jurisdiction because (1) for an agreement to preclude a suit for judicial review under Tax Code section 1.111(e), the agreement must be made between the property owner's agent and the chief appraiser, not merely a representative of the appraisal district; (2) Bullseye has an "absolute right" seek judicial review of the Board's order; (3) applying section 1.111(e) under these factual circumstances violates Bullseye's due process rights; and (4) a disputed factual issue exists regarding whether Bullseye's agent made a valuation agreement with the chief appraiser.

Chapter 41 of the Tax Code provides that property owners are entitled to protest the determination of the appraised value of the property and the unequal appraisal of the property before the county's appraisal review board. Tex. Tax Code Ann. § 41.41(a)(1)-(2) (Vernon 2008); *Nevada Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 75 (Tex. App.-El Paso 2005, no pet.). If the property owner meets certain procedural re-

quirements, the owner is entitled to a hearing on its protest before the appraisal review board. TEX. TAX CODE ANN. § 41.44(a) (Vernon 2008); *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 845 (Tex.App.-Houston [14th Dist.] 2008, no pet.). At the hearing, the appraisal district has the burden of establishing the value of the property by a preponderance of the evidence, and, if it does not, the board must determine the protest in favor of the owner. TEX. TAX CODE ANN. § 41.43(a) (Vernon 2008). The purpose of the hearing is to give both the appraisal district and the property owner an opportunity to appear before the board and to present evidence and arguments regarding the parties' relative opinions on the property's value. *See id.; see also id.* § 41.45(b) (Vernon Supp. 2010) ("The property owner initiating the protest is entitled to an opportunity to appear to offer evidence or argument."); *id.* § 41.66(b) (Vernon 2008) ("Each party to a hearing is entitled to offer evidence . . . ."); *id.* § 41.67 (Vernon 2008) (discussing types of evidence that may be presented at hearing).

■ Generally, property owners have a statutory right to file a suit for judicial review of an appraisal review board's order determining the property owner's protest. TEX. TAX CODE ANN. § 42.01(a)(1)(A) (Vernon 2008) ("A property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner . . . ."). Tax Code section 1.111(e), however, provides that:

> (e) An agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter:
>
> (1) which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board[.]

*Id.* § 1.111(e)(1) (Vernon Supp. 2010). Section 1.111(e) agreements are "final and not subject to protest by the property owner or subject to a property owner's statutory suit for judicial review under chapter 42." *MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist.*, 249 S.W.3d 68, 84 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). These agreements are final even without approval or adoption by the appraisal review board. *Id.* at 83; *see also* TEX. TAX CODE ANN. § 41.01(b) (Vernon 2008) ("The [appraisal review] board may not review or reject an agreement between a property owner or the owner's agent and the chief appraiser under section 1.111(e)."); *Sondock v. Harris Cnty. Appraisal Dist.*, 231 S.W.3d 65, 69 (Tex.App.-Houston [14th Dist.] 2007, no pet.) ("Because the agreement related to [a matter in which a protest had been filed but not determined by the Board], at the moment it was reached, it became final.").

■ The Tax Code does not specifically define "agreement," and thus we apply the ordinary meaning of the term. TEX. GOV'T CODE ANN. § 312.002(a) (Vernon 2005); *Sondock*, 231 S.W.3d at 69. In *Sondock*, the Fourteenth Court of Appeals defined "agreement" as "the act of agreeing; harmony of opinion; accord." *Sondock*, 231 S.W.3d at 69. The court held that section 1.111(e) does not require the parties to act on the agreement or announce the agreement to the court. *Id.* Because the parties expressed the same approximate value for the property at the hearing, this "meeting of the minds" qualified as an agreement under section 1.111(e). *Id.* This Court agrees. *See Hartman v. Harris Cnty. Appraisal Dist.*, 251 S.W.3d 595, 600 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) ("When the Hartmans' agent and

the appraiser each announced the same opinion as to the value of the property, they were in 'the act or fact of agreeing' and were expressing a 'harmony of opinion.' And in announcing their opinions regarding the value, they were 'acting' upon the matter and informing the panel of their agreement."). A section 1.111(e) agreement may include the property owner's acceptance of a settlement offer made by the appraisal district; however, a formal settlement agreement is not required under the statute. *See* TEX. TAX.CODE ANN. § 41.415(e) (Vernon Supp. 2010) ("If the property owner accepts a settlement offer made by the appraisal district, the chief appraiser shall enter the settlement in the appraisal records as an agreement made under section 1.111(e)."). In *Hartman*, we concluded that section 1.111(e) "does not require a formal announcement such as 'we agree'" or any other "magic words." *Hartman*, 251 S.W.3d at 600, 601. Instead, "[i]t is the fact of agreeing—the harmony of opinions—that creates the agreement." *Id.* at 601.

Both this Court and the Fourteenth Court of Appeals have recently addressed whether an agreement between the property owner's agent and a representative of the appraisal district constitutes an agreement with the chief appraiser that qualifies as a section 1.111(e) agreement. *See Kelly v. Harris Cnty. Appraisal Dist.*, No. 01-09-00996-CV, 2011 WL 497032 (Tex.App.-Houston [1st Dist.] Feb. 10, 2011, no pet. h.) (mem. op.); *Crescent Oaks LP v. Harris Cnty. Appraisal Dist.*, No. 14-10-00199-CV, 2011 WL 166932 (Tex.App.-Houston [14th Dist.] Jan. 13, 2011, no pet.) (mem. op.) (per curiam); *KM TS Spring Cypress L.L.C. v. Harris Cnty. Appraisal Dist.*, No. 14-09-00978-CV, 2010 WL 3921126 (Tex.App.-Houston [14th Dist.] Oct. 7, 2010, pet. denied) (mem. op.) (per curiam). In *Kelly*, we noted that although Tax Code section 41.45(c) directs that the

chief appraiser "shall appear at each protest hearing before the appraisal review board to represent the appraisal office," section 6.05(e) provides that "[t]he chief appraiser may delegate authority to his employees." *Kelly*, 2011 WL 497032, at *4; Tex. Tax Code Ann. §§ 41.45(c) (Vernon Supp. 2010), 6.05(e) (Vernon 2008); *see also Crescent Oaks*, 2011 WL 166932, at *2 ("The chief appraiser is not prohibited from delegating his authority to reach an agreement with a property owner."). We also observed that, given the size of Harris County and the number of valuation protests, "it is not uncommon for an HCAD representative to appear at protest hearings on behalf of the chief appraiser." *Kelly*, 2011 WL 497032, at *4 (citing *Sondock*, 231 S.W.3d at 69; *Loposer v. Harris Cnty. Appraisal Dist.*, No. 14-07-00956-CV, 2009 WL 2146151, at *1 (Tex.App.-Houston [14th Dist.] July 21, 2009, no pet.) (mem. op.); *Prince v. Harris Cnty. Appraisal Dist.*, No. 14-07-00919-CV, 2009 WL 20975, at *1 (Tex.App.-Houston [14th Dist.] Jan. 6, 2009, no pet.) (mem. op.); and *Mann v. Harris Cnty. Appraisal Dist.*, No. 01-07-00436-CV, 2008 WL 1747807, at *1 (Tex.App.-Houston [1st Dist.] Apr. 17, 2008, no pet.) (mem. op.)).

In *Kelly*, the Board held a protest hearing, an HCAD representative appeared at the hearing on the chief appraiser's behalf, Kelly did not object to the chief appraiser's failure to appear, and Kelly's agent reached an agreement at the hearing with the HCAD representative regarding the value of the property. *Kelly*, 2011 WL 497032, at *4. We held that, notwithstanding the chief appraiser's failure to appear, because the chief appraiser could delegate his authority to appear at hearings the agreement reached between Kelly's agent and HCAD's representative was final, and Kelly could not seek judicial review of the Board's subsequent order confirming the

agreed valuation amount. *Id.; see also Crescent Oaks,* 2011 WL 166932, at *2 (stating, "We therefore reject Crescent Oaks's claim that an agreement between a property owner and an HCAD representative appearing on behalf of the chief appraiser is not an agreement subject to section 1.111(e)."); *Spring Cypress,* 2010 WL 3921126, at *1 (holding same).

■ This case is factually analogous to *Kelly, Crescent Oaks,* and *Spring Cypress.* The Board held a protest hearing, at which Bullseye's agent and an HCAD representative appeared. At the beginning of the hearing, HCAD's representative swore that he was present to represent HCAD and that the testimony he would present to the Board was true and correct. The chief appraiser did not appear, but Bullseye made no objection on this basis. During the hearing, Bullseye's agent and HCAD's representative offered identical opinions regarding the value of the property—which was the same amount as HCAD's initial valuation—and a Board member noted the agreement on the record. Neither representative offered any further testimony regarding the value of the property, and a Board member stated that the parties had agreed on the noticed value and that $6,283,781 would be the final value for the 2008 tax year. The Board then issued an order confirming this amount as the final value. Under section 1.111(e) of the Tax Code, this agreement was final and non-appealable. *See* TEX. TAX CODE ANN. § 1.111(e); *id.* § 41.01(b); *MHCB,*

249 S.W.3d at 83–84. Nevertheless, Bullseye sought judicial review in the district court.

■ The parties agree, as they must, that the chief appraiser may delegate to appraisal district employees his authority to attend a protest hearing and present evidence and a valuation opinion to the Board.[2] Bullseye argues, however, that the record must affirmatively demonstrate that the chief appraiser delegated to the representative of the appraisal district in each case the specific authority to enter into an agreement with the property owner before a court may determine that a section 1.111(e) agreement has been reached. We hold that the statute does not require this specific delegation. Although the Tax Code contemplates that the owner and the appraisal district may reach a formal settlement agreement regarding the property's value, both this court and our sister court, the Fourteenth Court of Appeals, have repeatedly held that such formalities are not required under section 1.111(e). *See, e.g., Hartman,* 251 S.W.3d at 600; *Sondock,* 231 S.W.3d at 69. All that is required for an agreement is that the parties express the same opinion regarding value—they need not have discussed the matter or come to a consensus prior to the hearing, nor must they state on the record at the hearing that they agree on the value. If the property owner happens to state the same valuation opinion as the appraisal district represen-

---

**2.** At the hearing on HCAD's plea to the jurisdiction, Bullseye's counsel acknowledged that Jim Robertson, HCAD's chief appraiser, had completed an affidavit in which he averred that he delegates authority to HCAD employees and appraisers to make final agreements with property owners pursuant to the Tax Code. Bullseye's counsel stated that her problems with the affidavit were that it did not address the specific hearing in this case, nor did it discuss when and how authority is delegated. The trial court stated that delegation of authority is a "verbal act of independent legal significance" and it discounted the relevance of when and how the chief appraiser delegated his authority and of whether he globally delegated authority or delegated on a case by case basis. The chief appraiser's affidavit was, therefore, not entered into evidence at the hearing and is not part of the appellate record.

tative, who undisputedly has the power to state a valuation opinion on behalf of the chief appraiser, an agreement is reached. No specific authority from the chief appraiser to enter into an agreement with the property owner is necessary. We therefore hold that because the chief appraiser may delegate authority to appraisal district employees to appear at protest hearings and present a valuation opinion, by stating the same opinion regarding the value of the property, Bullseye's agent and HCAD's representative reached an agreement pursuant to section 1.111(e), precluding Bullseye from seeking judicial review of the subsequent Board order. *See Kelly,* 2011 WL 497032, at *4; *Crescent Oaks,* 2011 WL 166932, at *2; *Spring Cypress,* 2010 WL 3921126, at *1.

■ Bullseye also contends, in its first issue, that it had an "absolute right to appeal" the Board's order determining the protest pursuant to Tax Code sections 42.01 and 42.21. *See* Tex. Tax Code Ann. §§ 42.01(a) (Vernon 2008), 42.21(a) (Vernon Supp. 2010). This is an incorrect statement of the law. As we noted in *MHCB,* "appraisal agreements between property owners and chief appraisers are final and cannot be reviewed or rejected by appraisal review boards." *MHCB,* 249 S.W.3d at 83; *see also Sondock,* 231 S.W.3d at 69 (noting that Legislature amended section 1.111(e) and deleted requirement that Board approve of agreement before it becomes final). Because the Board cannot review a section 1.111(e) agreement, "it necessarily cannot render an order resolving a protest based on a review of that agreement." *MHCB,* 249 S.W.3d at 83 (citing Tex. Tax Code Ann. § 41.01(b)). Thus, because the Board cannot render an order resolving the protest after the parties reach a valuation agreement, "the property owner cannot file a suit for judicial review under Tax Code

Chapter 42 . . . of matters relating to an appraisal agreement." *Id.* (citing *BPAC Tex., LP v. Harris Cnty. Appraisal Dist.,* No. 01–03–01238–CV, 2004 WL 2422033, at *3 (Tex.App.-Houston [1st Dist.] Oct. 28, 2004, no pet.) (mem. op.)). At the moment the parties reach an agreement, the agreement becomes final and any subsequent valuation determinations by the appraisal review board are irrelevant. *MHCB,* 249 S.W.3d at 88; *Sondock,* 231 S.W.3d at 69.

■ At the time that Bullseye's agent and HCAD's representative agreed at the hearing on the value of the property, the Board had not yet determined Bullseye's protest. *See* Tex. Tax Code Ann. § 1.111(e) (stating agreement is final if it relates to matter on which protest has been filed but not yet determined by review board). Because the agreement became final at the time the agent and the representative stated the same value for the property, "the subsequent approval and order by the [B]oard was irrelevant," and Bullseye did not have a Board order of which it could seek judicial review in the district court. *See Kelly,* 2011 WL 497032, at *4; *see also Mann,* 2008 WL 1747807, at *6 ("[W]e conclude that the protest was not 'determined by the Board,' even though, after the parties reached an agreement, the Board entered an 'Order Determining Protest' that set the appraised value at the amount agreed to by the parties.").

Bullseye also contends that precluding its suit for judicial review in the district court violates its due process rights. This Court and the Fourteenth Court have repeatedly addressed this assertion and found due process satisfied under these circumstances.

■ The collection of taxes constitutes deprivation of property, and, therefore, a taxing authority must afford a property owner due process of law. *McKesson Corp. v. Div. of Alcoholic Bev-*

*erages & Tobacco, Dep't of Bus. Regulation of Fla.*, 496 U.S. 18, 36–37, 110 S.Ct. 2238, 2250–51, 110 L.Ed.2d 17 (1990); *Sondock*, 231 S.W.3d at 70. "[D]ue process simply affords a right to be heard before final assessment; it does not detail the review mechanism." *ABT Galveston Ltd. P'ship v. Galveston Cent. Appraisal Dist.*, 137 S.W.3d 146, 155 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (quoting *Dallas Cnty. Appraisal Dist. v. Lal*, 701 S.W.2d 44, 47 (Tex.App.-Dallas 1985, writ ref'd n.r.e.)). In taxation cases, due process is satisfied if the taxpayer is given an opportunity to be heard before an assessment board at some stage of the proceedings. *Id.* (citing *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 266 (Tex.App.-Fort Worth 2003, pet. denied)).

■ Here, Bullseye protested the initial appraised value of its property and received an opportunity to present its opinion regarding the value to the Board. At the hearing, both Bullseye's agent and HCAD's representative opined that the value of the property was $6,283,781—the same amount as the initial appraised value. After the HCAD representative stated his belief regarding value and after a Board member noted that the parties appeared to agree on value, Bullseye's agent did not object or make any further comments. The Board later issued an order confirming the 2008 value at $6,283,781, in accordance with the parties' agreement. We therefore conclude that because Bullseye had an opportunity to protest the initial value to the Board and it reached an agreement with HCAD during the hearing, Bullseye's due process rights were not violated. *See Kelly*, 2011 WL 497032, at *5; *see also Sondock*, 231 S.W.3d at 70 ("We cannot imagine how the Sondocks were deprived of due process when they were given the opportunity to present their arguments to a legal panel and they reached

an agreement fully satisfying their stated contentions.").

Finally, Bullseye contends in its first issue that the trial court incorrectly granted HCAD's plea to the jurisdiction because a disputed factual issue existed regarding whether Bullseye's agent and the chief appraiser agreed on the value of the property.

The record is clear that, at the protest hearing, Bullseye's agent and HCAD's representative both stated that they believed that the property should be valued at $6,283,781. As we have held, this is considered an agreement under section 1.111(e). *See Hartman*, 251 S.W.3d at 600; *see also Sondock*, 231 S.W.3d at 69. It is undisputed that the chief appraiser did not appear at the protest hearing but that an appraisal district representative appeared and expressed the same valuation opinion as Bullseye's agent. The question before us on appeal is whether an agreement between an owner's agent and an appraisal district representative—as opposed to the chief appraiser—qualifies as a section 1.111(e) agreement that precludes a suit for judicial review. As the Fourteenth Court of Appeals has held, this is a question of law that is proper for a plea to the jurisdiction. *See Crescent Oaks*, 2011 WL 166932, at *2; *Spring Cypress*, 2010 WL 3921126, at *2. We conclude that this issue may permissibly be determined via a plea to the jurisdiction.

We overrule Bullseye's first issue.

Because this issue is dispositive of this appeal, we do not reach Bullseye's second issue, arguing that the trial court, in granting HCAD's plea to the jurisdiction, erred in implicitly denying its motion for continuance, or its third issue, arguing that, in granting the plea to the jurisdiction, the trial court erroneously denied a rehearing of Bullseye's motion to compel the depositions of appraisal district employees.

## Conclusion

We affirm the judgment of the trial court dismissing this case for lack of subject matter jurisdiction. All pending motions are dismissed as moot.

Justice MASSENGALE, concurring.

MICHAEL MASSENGALE, Justice, concurring.

Because the result in this appeal is controlled by the prior memorandum opinion of this court in *Kelly v. Harris County Appraisal District*, No. 01–09–00996–CV, 2011 WL 497032 (Tex.App.-Houston [1st Dist.] Feb. 10, 2011, no pet. h.), I concur in the judgment. I write separately to explain my disagreement with the holdings in *Kelly* and the sole relevant authority it relied upon, *KM TS Spring Cypress L.L.C. v. Harris County Appraisal District*, No. 14–09–00978–CV, 2010 WL 3921126 (Tex. App.-Houston [14th Dist.] Oct. 7, 2010, pet. denied) (per curiam mem. op.).

This is an appeal from the trial court's ruling sustaining the appraisal district's plea to the jurisdiction. The basis for the jurisdictional challenge is the purported existence of an agreement between the property owner's agent and the chief appraiser. If such an agreement exists, it is final as to any matter on which a protest has been filed but not determined by the board. *See* TEX. TAX CODE ANN. § 1.111(e)(1) (West Supp. 2010).

In this case, as in *Kelly* and *KM TS Spring Cypress*,\* the property owner disputes the applicability of Tax Code section 1.111(e) on the basis that the agreement at the hearing was made between the property owner's agent and an employee of the appraisal district, but not the chief appraiser himself. It is certainly the case that the chief appraiser may delegate authority to his employees, *see* TEX. TAX CODE ANN. § 6.05(e) (West 2008), and it therefore follows that included among the responsibilities that may be so delegated are either or both of the responsibility to represent the appraisal district at a protest hearing, *see id.* § 41.45(c) (West Supp. 2010), and the power to enter into a binding final agreement concerning appraised value, *see id.* § 1.111(e).

The chief appraiser's delegation of authority to his employees to represent the appraisal district at a protest hearing could, but need not necessarily, include a delegation of authority to enter into a final and binding agreement as to appraised value. The factual basis for the appraisal district's claim of delegation was challenged by the property owner in the trial court, and if it is in fact the case that such authority had been delegated, then it would be plain that section 1.111(e) operates to foreclose further litigation as to appraised value. But the appraisal district produced no evidence to support its claim that the relevant authority had been delegated by the chief appraiser, and the property owner sought discovery to confirm whether there is a factual basis for the appraisal district's claim. There is no statutory basis for denying discovery into that matter. The statute specifically identifies the chief appraiser as the person empowered to enter into a final agreement for purposes of section 1.111(e). In a large county such as Harris County, a chief appraiser is effectively required to delegate to employees the authority to appear at protest hearings, simply because there are too many hearings for the chief appraiser

---

\* *See Kelly v. Harris Cnty. Appraisal Dist.*, No. 01–09–00996–CV, 2011 WL 497032, at \*2 (Tex.App.-Houston [1st Dist.] Feb. 10, 2011, no pet. h.); *KM TS Spring Cypress L.L.C. v.* *Harris Cnty. Appraisal Dist.*, No. 14–09–00978–CV, 2010 WL 3921126, at \*1 (Tex. App.-Houston [14th Dist.] Oct. 7, 2010, pet. denied).

to attend them all. Yet the chief appraiser might still wish to retain the power of personally and finally approving agreements pursuant to section 1.111(e), thereby providing a check against overly generous concessions by the appraisal district's representatives, collusion with agents for property owners, or any other concern the chief appraiser may have. The presumption in *Kelly* and *KM TS Spring Cypress* that such authority may be inferred from the appearance of a representative in lieu of the chief appraiser thus deprives the chief appraiser of the flexibility to tailor which powers he may or may not wish to delegate to his employees. The property owner's failure to object to the absence of the chief appraiser—an apparently futile objection given the chief appraiser's power to delegate responsibility for appearing at the protest hearing—adds nothing to the analysis.

When a plea to the jurisdiction turns on disputed jurisdictional facts, the trial court is required to resolve the jurisdictional issues by considering relevant evidence submitted by the parties. *See Texas Dep't. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). That fundamental concept is violated by the rule of *Kelly* and *KM TS Spring Cypress,* which short-circuits the inquiry and improperly assumes jurisdictional facts in favor of the defendant appraisal district.